**ANS**
Anthony L. Hall
Nevada Bar No. 5977
alhall@hollandhart.com
Dora V. Lane, Esq.
Nevada Bar No. 8424
dlane@hollandhart.com
R. Calder Huntington, Esq.
Nevada Bar No. 11996
rchuntington@hollandhart.com
HOLLAND & HART LLP
9555 Hillwood Drive, 2nd Floor
Las Vegas, Nevada 89134
(702) 669-4600
*Attorneys for Defendant*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| ERNESTO AMADOR,<br><br>            Plaintiffs,<br><br>v.<br><br>BULLY'S SPORT'S BAR & GRILL, INC. a Nevada,<br><br>            Defendant. | CASE NO.:   3:15-CV-00022- HDM-VPC<br><br>**DEFENDANT'S ANSWER TO COMPLAINT** |

Defendant Bully's Sport's Bar & Grill, Inc. ("Bully's or "Defendant") by and through its counsel of record, Holland & Hart LLP, hereby admits, denies, and otherwise responds to the allegations set forth in Plaintiff's Complaint as follows:

1. Answering Paragraph 1 of the Complaint, Defendant alleges that Plaintiff's Complaint contains legal conclusions to which no response is required. Defendant acknowledges that Plaintiff purports to bring this action as a putative collective action. To the extent that any further response is required, Defendant denies the allegations therein.

## I.

## JURISDICTION AND VENUE

2. Answering Paragraph 2 of the Complaint, Defendant alleges that this paragraph contains legal conclusions to which no response is required. To the extent that a response is required, Defendant denies the allegations in Paragraph 2 of the Complaint.

3. Answering Paragraph 3 of the Complaint, Defendant alleges that this paragraph contains legal conclusions to which no response is required. To the extent that a response is required, Defendant denies the allegations therein

## II.

## **FACTUAL ALLEGATIONS**

4. Answering Paragraph 4 of the Complaint, Defendant alleges that this paragraph contains legal conclusions to which no response is required. Defendant admits that it operates seven "Bully's" locations in Washoe County and Carson City, Nevada and that its corporate headquarters and principal pace of business is in Washoe County, Nevada. Defendant similarly admits that it has employed Plaintiff. Defendant, however, lacks sufficient information to form a reasonable belief as to what Plaintiff considers the "relevant time," and thus denies such allegation. To the extent any further response is required, Defendant denies the remaining allegations in Paragraph 4 of the Complaint.

5. Answering Paragraph 5 of the Complaint, Defendant alleges that Plaintiff's Complaint contains legal conclusions to which no response is required. To the extent that a response is required, Defendant admits that it has compensation policies but denies all remaining allegations in Paragraph 5 of the Complaint.

6. Answering Paragraph 6 of the Complaint, Defendant lacks sufficient information to admit or deny whether Plaintiff resided in Washoe County, Nevada, and thus denies the same. Defendant admits that it employed Plaintiff as a salaried, exempt "Kitchen Manager" during the three year period prior to the filing of this action at Defendant's 18156 Wedge Parkway location in Reno, Nevada (which Defendant refers to as Bully's #2). Defendant however denies that Defendant employed Plaintiff for the entire three-year period prior to the filing of the Complaint. Defendant admits that Plaintiff was paid a salary of approximately $43,000 per year, including vacations and bonuses. Defendant denies each remaining allegation in Paragraph 6 of the Complaint.

7. Answering Paragraph 7 of the Complaint, Defendant admits that it uses standardized employee training and policies and procedures for some of the work done at its workplaces. Defendant denies the remaining allegations contained in Paragraph 7 of the Complaint.

HOLLAND & HART LLP
9555 Hillwood Drive, 2nd Floor
Las Vegas, NV 89134
Phone: (702) 669-4600 ♦ Fax: (702) 669-4650

8. Answering Paragraph 8 of the Complaint, Defendant denies that the three year statute of limitations in the FLSA is relevant but admits the remaining allegations therein.

9. Answering Paragraph 9 of the Complaint, Defendant acknowledges that Plaintiff does not claim to bring this action on behalf of the General Managers and Assistant General Managers. Defendant also admits that it employs various non-exempt employees, such as bartenders, wait staff, and bussers. Defendant denies the remaining allegations contained in Paragraph 9 of the Complaint.

10. Answering Paragraph 10 of the Complaint, Defendant admits that the 18156 Wedge Parkway location employed a general manager, an assistant general manager, a kitchen manager, an assistant kitchen manager and cooks, however Defendant denies that there was one or more of each such employees at all times during the three years preceding the filing of the Complaint and denies that the three year statute of limitations period applies.

11. Answering Paragraph 11 of the Complaint, Defendant alleges that this paragraph contains legal conclusions to which no response is required. To the extent that a response is required, Defendant denies the allegations therein.

12. Answering Paragraph 12 of the Complaint, Defendant alleges that this paragraph contains legal conclusions and/or other statements to which no response is required. To the extent that a response is required, Defendant denies the allegations therein.

13. Answering Paragraph 13 of the Complaint, Defendant alleges that this paragraph contains legal conclusions and/or other statements to which no response is required. Plaintiff admits that it kept track of its employees' hours worked through use of a time tracking system and that it maintained a schedule of the days and hours to be worked for Plaintiff and all other kitchen-based employees. Defendant denies that its time-tracking system was automated and denies that the kitchen employees' schedules were adhered to rigidly. Defendant also admits that Plaintiff did sometimes work in excess of forty hours per week. To the extent that any further response is required to Plaintiff's remaining allegations in Paragraph 13 of the Complaint, Defendant denies the allegations therein.

14. Answering Paragraph 14 of the Complaint, Defendant alleges that this paragraph

contains legal conclusions to which no response is required. To the extent that a response is required, Defendant denies the allegations therein.

15. Answering Paragraph 15 of the Complaint, Defendant alleges that this paragraph contains legal conclusions and/or other statements to which no response is required. To the extent that a response is required, Defendant denies the allegations therein..

### III.

### COLLECTIVE ACTION ALLEGATIONS

16. Defendant incorporates its prior admissions, averments, or denials of the allegations contained in the preceding paragraphs as though these answers were fully alleged herein.

17. Answering paragraph 17 of the Complaint, Defendant alleges that this paragraph contains legal conclusions to which no response is required. To the extent that a response is required, Defendant denies the allegations therein.

18. Answering Paragraph 18 of the Complaint, Defendant alleges that this paragraph contains legal conclusions to which no response is required. To the extent that a response is required, Defendant denies the allegations therein.

    A. Answering Subparagraph A of Paragraph 18, Defendant admits that it has employed a number of salaried Kitchen Managers, Assistant Kitchen Managers, and Cooks, all of whom were paid a salary. Defendant denies the remaining allegations set forth in Subparagraph A of Paragraph 18.

    B. Answering Subparagraph B of Paragraph 18, Defendant alleges that this paragraph contains legal conclusions and/or other statements requiring no response. To the extent that a response is required, Defendant denies the remaining allegations in Subparagraph B of Paragraph 18.

    C. Answering Subparagraph C of Paragraph 18, Defendant alleges that this subparagraph contains legal conclusions to which no response is required. To the extent that a response is required, Defendant denies the allegations therein.

    D. Answering Subparagraph D of Paragraph 18, Defendant alleges that this paragraph contains legal conclusions to which no response is required. To the

extent that a response is required to Plaintiffs allegations in Subparagraph D of Paragraph 18, Defendant denies the allegations therein.

## IV.

## **FIRST CAUSE OF ACTION**

Failure to Pay Wages in Violation of the FLSA, 29 U.S.C. 201, et seq.

(On behalf of Plaintiff and all others similarly situated)

19. Answering Paragraph 19 of the Complaint, Defendant incorporates its prior admissions, averments, or denials of the allegations contained in the preceding paragraphs as though these answers were fully alleged herein.

20. Answering Paragraph 20 of the Complaint, Defendant alleges that this paragraph contains legal conclusions to which no response is required. To the extent that a response is required, Defendant denies the allegations therein.

21. Answering Paragraph 21 of the Complaint, Defendant admits that Plaintiff has quoted language from 29 U.S.C. § 206(a)(1) regarding the minimum wage (though Plaintiff fails to include a necessary ellipsis showing excluded language), but denies its relevance to any claims asserted in Plaintiff's Complaint or that Defendant has violated any requirement of the statute and denies any remaining allegation in Paragraph 21 of the Complaint.

22. Answering Paragraph 22 of the Complaint, Defendant alleges that this paragraph contains legal conclusions to which no response is required. To the extent that a response is required, Defendant admits that employees must be paid for legally compensable work but denies any other allegations therein, including inferences that Defendant did not pay its employees for time worked.

23. Answering Paragraph 23 of the Complaint, Defendant denies the allegations therein.

24. Answering Paragraph 24 of the Complaint, Defendant alleges that this paragraph contains legal conclusions and/or other statements to which no response is required. To the extent that a response is required, Defendant denies the allegations therein.

25. Answering Paragraph 25 of the Complaint, Defendant alleges that this paragraph contains legal conclusions and/or other statements to which no response is required. To the extent

that a response is required, Defendant admits that Plaintiff seeks damages and other relief but denies that he is entitled to any damages or other relief by way of the Complaint.

## V.

### SECOND CAUSE OF ACTION

Failure to Pay Overtime Wages in Violation of the FLSA, 20 U.S.C. 207

(On behalf of Plaintiff and all others similarly situated)

26. Answering Paragraph 26 of the Complaint, Defendant incorporates its prior admissions, averments, or denials of the allegations contained in the preceding paragraphs as though these answers were fully alleged herein.

27. Answering Paragraph 27 of the Complaint, Defendant alleges that this paragraph contains legal conclusions and/or other statements to which no response is required. To the extent that a response is required, Defendant admits that the FLSA generally regulates the payment of overtime and denies any remaining allegations contained in Paragraph 27 of the Complaint.

28. Answering Paragraph 28 of the Complaint, Defendant admits Plaintiff quotes language from 29 U.S.C. § 207(a)(1) (though Plaintiff fails to identify a modification in his quoted language) regarding payment of overtime. Defendant denies the relevance of this provision and denies any remaining allegations in Paragraph 28 of the Complaint.

29. Answering Paragraph 29 of the Complaint, Defendant alleges that this paragraph contains legal conclusions and/or other statements to which no response is required. To the extent that a response is required, Defendant admits that there are exemptions to the FLSA's overtime requirements and denies Plaintiff's remaining allegations therein.

30. Answering Paragraph 30 of the Complaint, Defendant admits that Plaintiff quotes language from 29 U.S.C. § 216(b) (though Plaintiff fails to provide an ellipsis to show removed language). Defendant denies the relevance of this provision and denies any further allegations in Paragraph 30 of the Complaint.

31. Answering Paragraph 31 of the Complaint, Defendant admits that Plaintiff quotes language from 29 U.S.C. § 217. Defendant denies the relevance of this provision and denies any further allegations in Paragraph 31 of the Complaint.

32.     Answering Paragraph 32 of the Complaint, Defendant alleges that this paragraph contains legal conclusions and/or other statements to which no response is required. Defendant admits that the statute of limitations for willful violations of the FSLA is three years. Defendant denies that such statute of limitations is applicable and, to the extent any further response is required, denies the remaining allegations contained in Paragraph 32 of the Complaint.

33.     Answering Paragraph 33 of the Complaint, Defendant alleges that this paragraph contains legal conclusions and/or other statements to which no response is required. To the extent that a response is required, Defendant admits that Plaintiff seeks various forms of damages and other relief but denies that he is entitled to any damages or other relief by way of the Complaint.

## PRAYER FOR RELIEF

Defendant is not required to respond to Plaintiff's prayer for relief. However, to the extent Plaintiff's prayer for relief asserts allegations, Defendant denies each and every allegation in Plaintiff's prayer for relief.

Defendant generally denies each and every allegation of Plaintiff's First Amended Complaint not specifically admitted herein.

WHEREFORE, Defendant respectfully requests asks this Court:

1.     That Plaintiff receives nothing by way of his Complaint, and that his claims be dismissed with prejudice and be forever barred;

2.     For recovery of Defendant's costs and attorneys' fees incurred herein;

3.     For such other and further relief as the Court deems just and proper.

## AFFIRMATIVE DEFENSES

1.     Plaintiff's Complaint and each cause of action asserted therein are barred by the affirmative defenses set forth in FRCP 8(C) and any other applicable affirmative defenses not specifically set forth herein.

2.     The Complaint fails to state a claim upon which relief may be granted.

3.     If the actions of former or current employees are found to be wrongful in any way, then those actions cannot be attributed to Defendants, that Defendants are not liable under concepts of Respondeat Superior, nor are Defendants vicariously liable.

4.   Plaintiff failed to exhaust his administrative, statutory, arbitration and/or contractual remedies.

5.   Assuming *arguendo* there is an unpaid wage violation, Defendant at all times had a good faith and reasonable belief that it had compensated Plaintiff in accordance with the FLSA and, therefore, no liquidated damages are due Plaintiff.

6.   Defendant did not suffer or permit the work in question.

7.   Any alleged violation of the FLSA was not willful and Plaintiff's claims are therefore limited to two years pursuant to 29 U.S.C. § 255.

8.   Plaintiff has already been fully compensated.

9.   Plaintiff is exempt from compensation for minimum wage and/or overtime under 29 U.S.C. § 201 *et seq.*, including but not limited to, the administrative, professional, executive, and creative professional exemptions.

10.   Assuming Plaintiffs are entitled to any overtime, all of the elements of compensation for Plaintiffs that fall with Section 7(e) of the FLSA, 29 U.S.C. section 207(e) must exclude from the regular rate of pay for the purpose of calculating overtime, if any.

11.   The hours claimed by Plaintiff are not "hours worked" under the FLSA so that overtime compensation need not be paid for those hours.

12.   There exists a *bona fide* dispute as to whether any further compensation is actually due to Plaintiff, and if so, the amount thereof.

13.   Plaintiff was never entitled to the monies to which he asserts a right in the Complaint.

14.   Assuming Plaintiffs are entitled to any overtime, Defendant is entitled to a credit for or set off against amounts overpaid to Plaintiffs in the course of their employment. This credit or setoff includes, but is not limited to, amounts erroneously overpaid to Plaintiffs.

15.   Assuming *arguendo* there is an overtime violation, Plaintiff's compensation is properly calculated in accordance with 29 CFR § 778.114.

16.   Plaintiff fails to state a claim against Defendant upon which declaratory or injunctive relief can be awarded.

Page 8 of 10

17. Plaintiff has an adequate remedy at law; thus, injunctive relief is inappropriate.

18. The damages Plaintiff requests must be reduced by virtue of Plaintiff's failure to mitigate those damages.

19. Plaintiff fails to state a claim against Defendant upon which attorneys' fees and costs can be awarded.

20. To the extent that Plaintiff claims to appear in a representative capacity, Plaintiff was not similarly situated to any other employees that he seeks to represent. No community of interest exists between Plaintiff and any allegedly similarly situated individuals, and representative treatment is neither a superior nor a suitable means of adjudicating claims alleged in the Complaint.

21. Plaintiff's claims are precluded by the statute of limitations and/or laches.

22. Plaintiff has failed to state his claim for special damages with the requisite specificity.

23. It has been necessary for the Defendant to employ the services of an attorney to defend this action and a reasonable sum should be allowed Defendant as and for attorney's fees, together with its costs expended in this action.

24. Defendant alleges that Plaintiff's claims are barred by the doctrine of laches.

25. Defendant alleges that Plaintiff's claims are barred by discharge in bankruptcy.

26. The Complaint is barred by the Portal-To-Portal Act, 29 U.S.C. section 254, to the extent it includes or seeks any overtime pay for "commuting time."

27. Because the Complaint is couched in conclusory and vague terms, Defendant cannot fully anticipate all affirmative defenses that may be applicable to this case. Accordingly, Defendant hereby reserves the right to assert additional affirmative defenses

DATED February 10, 2015.

/s/ R. Calder Huntington
Anthony L. Hall, Esq.
Dora V. Lane, Esq.
R. Calder Huntington, Esq.
Holland & Hart LLP
9555 Hillwood Drive, 2nd Floor
Las Vegas, Nevada 89134
*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on the 10th day of February, 2015, a true and correct copy of the foregoing **DEFENDANTS' ANSWER TO COMPLAINT** was served by the following method(s):

☐ Electronic: by submitting electronically for filing and/or service with the Eighth Judicial District Court's e-filing system and served on counsel electronically in accordance with the E-service list to the following email addresses:

 U.S. Mail: by depositing same in the United States mail, first class postage fully prepaid to the persons and addresses listed below:

Charles A. Jones, Esq.
Kelly McInerney
JONES LAW FIRM
9585 Prototype Court, Suite B
Reno, NV 89521
*Attorneys for Plaintiffs*

☐ Email: by electronically delivering a copy via email to the following e-mail address:

☐ Facsimile: by faxing a copy to the following numbers referenced below:

_____
An Employee of Holland & Hart LLP

Page 10 of 10