1  Anthony L. Hall, Esq.
   Nevada Bar No. 5977
2  alhall@hollandhart.com
   Dora V. Lane, Esq.
3  Nevada Bar No. 8424
   dlane@hollandhart.com
4  R. Calder Huntington, Esq.
   Nevada Bar No. 11996
5  rchuntington@hollandhart.com
   HOLLAND & HART LLP
6  9555 Hillwood Drive, 2nd Floor
   Las Vegas, Nevada 89134
7  (702) 669-4600

8  *Attorneys for Defendant*

9          **UNITED STATES DISTRICT COURT**

10             **DISTRICT OF NEVADA**

11  ERNESTO AMADOR,                    CASE NO.:  3:15-CV-00022-HDM-VPC

12                  Plaintiffs,
                                       **STIPULATED PROTECTIVE ORDER**
13  v.                                        **[PROPOSED]**

14  BULLY'S SPORT'S BAR & GRILL, INC. a
    Nevada,
15
                    Defendant.
16

17        In order to protect the confidentiality of confidential information obtained by the parties in

18  connection with this case, the parties hereby agree as follows:

19        1.       Any party or non-party may designate as "confidential" (by stamping the relevant

20  page or otherwise set forth herein) any document or response to discovery which that party or non-

21  party considers in good faith to contain information involving trade secrets, or confidential

22  business or financial information, subject to protection under the Federal Rules of Civil Procedure

23  or Nevada law ("Confidential Information").  Where a document or response consists of more than

24  one page, the first page and each page on which confidential information appears shall be so

25  designated.  This protective order does not confer blanket protection on all disclosures or responses

26  to discovery, the protection it affords from public disclosure and use extends only to the limited

27  information or items that are entitled to confidential treatment under the applicable legal

28  principles, and it does not presumptively entitle parties to file confidential information under seal.

HOLLAND & HART LLP
9555 Hillwood Drive, 2nd Floor
Las Vegas, NV 89134
Phone: (702) 669-4600 ♦ Fax: (702) 669-4650

Case 3:15-cv-00022-HDM-VPC   Document 45   Filed 04/13/15   Page 2 of 8

HOLLAND & HART LLP
9555 Hillwood Drive, 2nd Floor
Las Vegas, NV 89134
Phone: (702) 669-4600 ♦ Fax: (702) 669-4650

2.      A party or non-party may designate information disclosed during a deposition or in response to written discovery as "confidential" by so indicating in said response or on the record at the deposition and requesting the preparation of a separate transcript of such material. Additionally a party or non-party may designate in writing, within twenty (20) days after receipt of said responses or of the deposition transcript for which the designation is proposed, that specific pages of the transcript and/or specific responses be treated as "confidential" information.

Any other party may object to such proposal, in writing or on the record.  Upon such objection, the parties shall follow the procedures described  in paragraph 8 below.  After any designation made according to the procedure set forth in this paragraph, the designated documents or information shall be treated according to the designation until the matter is resolved according to the procedures described in paragraph 8 below, and counsel for all parties shall be responsible for making all previously unmarked copies of the designated material in their possession or control with the specified designation.

3.      All information produced or exchanged in the course of this case (other than information that is publicly available) shall be used by the party or parties to whom the information is produced solely for the purpose of this case.

4.      If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the designating party's right to secure protection  under this agreement for such material.  Upon timely correction of a designation, the receiving party must make reasonable efforts to ensure that the material is treated in accordance with the provisions of this agreement.

5.      Except with the prior written consent of other parties, or upon prior order of this Court obtained upon notice to opposing counsel, Confidential Information shall not be disclosed to any person other than:

(a)      counsel for the respective parties to this litigation, including in-house counsel and co-counsel retained for this litigation;

(b)      employees of such counsel;

(c)     individual defendants, class representatives, any officer or employee of a party, to the extent deemed necessary by Counsel for the prosecution or defense of this litigation;

(d)     consultants or expert witnesses retained for the prosecution or defense of this litigation, provided that each such person shall execute a copy of the Certification annexed to this Order as Exhibit "A" (which shall be retained by counsel to the party so disclosing the Confidential Information and made available for inspection by opposing counsel during the pendency or after the termination of the action only upon good cause shown and upon order of the Court) before being shown or given any Confidential Information and provided that if the party chooses a consultant or expert employed or formally employed by Bully's Sports Bar & Grill, Inc. or one of its competitors (as listed on Appendix A), the party shall notify the opposing party, or designating non-party, before disclosing any Confidential Information to that individual and shall give the opposing party an opportunity to move for a protective order preventing or limiting such disclosure;

(e)     any authors or recipients of the Confidential Information;

(f)     the Court, Court personnel, and court reporters; and

(g)     witnesses (other than persons described in paragraph 4(e). A witness shall sign the Certification before being shown a confidential document. Confidential Information may be disclosed to a witness who will not sign the Certification only in a deposition at which the party who designated the Confidential Information is represented or has been given notice that Confidential Information shall be designated "Confidential" pursuant to paragraph 2 above. Witnesses shown Confidential Information shall not be allowed to retain copies.

6.     Any persons receiving Confidential Information shall not reveal or discuss such information to or with any person who is not entitled to receive such information, except as set forth herein.

7.     No party or non-party shall file or submit for filing as part of the court record any documents under seal without first obtaining leave of court. Notwithstanding any agreement among the parties, the party seeking to file a paper under seal bears the burden of overcoming the presumption in favor of public access to papers filed in court.

HOLLAND & HART LLP
9555 Hillwood Drive, 2nd Floor
Las Vegas, NV 89134
Phone: (702) 669-4600 ♦ Fax: (702) 669-4650

Case 3:15-cv-00022-HDM-VPC   Document 45   Filed 04/13/15   Page 4 of 8

HOLLAND & HART LLP
9555 Hillwood Drive, 2nd Floor
Las Vegas, NV 89134
Phone: (702) 669-4600 ♦ Fax: (702) 669-4650

8. The parties must make every attempt to resolve any dispute regarding confidential designations without court involvement. Any motion regarding confidential designations or for a protective order must include a certification, in the motion or in a declaration or affidavit, that the movant has engaged in a good faith meet and confer conference with other affected parties in an effort to resolve the dispute without court action. The certification must list the date, manner, and participants to the conference. A good faith effort to confer requires a face-to-face meeting or a telephone conference. If a party contends that any material is not entitled to confidential treatment, such party may at any time give written notice to the party or non-party who designated the material. The party or nonparty who designated the material shall have twenty-five (25) days from the receipt of such written notice, inclusive of the meet and confer process under the local rules, to apply to the Court for an order designating the material as confidential. The party or non-party seeking the order has the burden of establishing that the document is entitled to protection.

9. A party may designate as "Confidential" documents or discovery materials produced by a non-party by providing written notice to all parties of the relevant document numbers or other identification within thirty (30) days after receiving such documents or discovery materials. Any party or non-party may voluntarily disclose to others without restriction any of its own information that it has designated as confidential, although a document may lose its confidential status if it is made public.

10. Notwithstanding any challenge to the designation of material as Confidential Information, all documents shall be treated as such and shall be subject to the provisions hereof unless and until one of the following occurs:

(a) the party or non-party claims that the material is Confidential Information withdraws such designation in writing; or

(b) the party or non-party who claims that the material is Confidential Information fails to apply to the Court for an order designating the material confidential within the time period specified above after receipt of a written challenge to such designation; or

(c) the Court rules the material is not confidential.

11.     If a party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as 'CONFIDENTIAL," that party must:

(a)     promptly notify the designating party in writing and include a copy of the subpoena or court order; and

(b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this agreement.  Such notification shall include a copy of this agreement.

12.     All provisions of this Order restricting the communication or use of Confidential Information shall continue to be binding after the conclusion of this action, unless otherwise agreed or ordered.  Upon conclusion of the litigation, a party in the possession of Confidential Information, other than that which is contained in pleadings, correspondence, and deposition transcripts, shall either (a) return such documents no later than thirty (30) days after conclusion of this action to counsel for the party or non-party who provided such information, or (b) destroy such documents within the time period upon consent of the party who provided the information and certify in writing within thirty (30) days that the documents have been destroyed.

13.     The terms of this Order do not preclude, limit, restrict, or otherwise apply to the use of documents at trial.

14.     Nothing herein shall be deemed to waive any applicable privilege or work product protection, or to affect the ability of a party to seek relief for an inadvertent disclosure of material protected by privilege or work product protection.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

HOLLAND & HART LLP
9555 Hillwood Drive, 2nd Floor
Las Vegas, NV 89134
Phone: (702) 669-4600 ♦ Fax: (702) 669-4650

Case 3:15-cv-00022-HDM-VPC   Document 45   Filed 04/13/15   Page 6 of 8

15.     Any witness or other person, firm or entity from which discovery is sought may be informed of and may obtain the protection of this Order by written advice to the parties' respective counsel or by oral advice at the time of any deposition or similar proceeding.

DATED this 13th day of April, 2015.                    DATED  this 13th day of April, 2015.


/s/ Charles A. Jones                                          /s/ R. Calder Huntington
Charles A. Jones, Esq.                                       Anthony L. Hall, Esq.
Kelly McInerney, Esq.                                       Dora V. Lane, Esq.
Jones Law Firm                                                 R. Calder Huntington, Esq.
9585 Prototype Court, Suite B.                          Holland & Hart LLP
Reno, Nevada 89521                                         9555 Hillwood Drive, 2nd Floor
Telephone:  (775) 853-6440                             Las Vegas, Nevada 89
Facsimile:  (775) 853-6445                              Telephone:  (702) 669-4600
                                                                      Facsimile:  (702) 823-0335


Attorneys for Plaintiffs                                    Attorneys for Defendant Bully's Sports Bar
                                                                      & Grill, Inc.



IT IS SO ORDERED

_____
United States Magistrate Judge
DATED:  April 17, 2015

HOLLAND & HART LLP
9555 Hillwood Drive, 2nd Floor
Las Vegas, NV 89134
Phone: (702) 669-4600 ◆ Fax: (702) 669-4650

**EXHIBIT "A"**

**CERTIFICATION**

I hereby certify my understanding that Confidential Information is being provided to me pursuant to the terms and restrictions of the Protective Order dated _____, in _____, Civil No. _____.

I have been given a copy of that Order and read it. I agree to be bound by the Order. I will not reveal the Confidential Information to anyone, except as allowed by the Order. I will maintain all such Confidential Information – including copies, notes, or other transcriptions made therefrom – in a secure manner to prevent unauthorized access to it. No later than thirty (30) days after the conclusion of this action, I will return the Confidential Information - including copies, notes or other transcriptions made therefrom – to the counsel who provided me with the Confidential Information. I hereby consent to the jurisdiction of the United States District for the purpose of enforcing the Protective Order.

DATED: _____

_____

_____
(Printed Name)

HOLLAND & HART LLP
9555 Hillwood Drive, 2nd Floor
Las Vegas, NV 89134
Phone: (702) 669-4600 ♦ Fax: (702) 669-4650

**CERTIFICATE OF SERVICE**

1

2        Pursuant to Fed. R. Civ. P. 5(b), I hereby certify that on the 13th day of April, 2015, I served

3   a true and correct copy of the foregoing **[PROPOSED] STIPULATED PROTECTIVE ORDER**

4   by electronic transmission to the parties on electronic file and/or depositing same in the United

5   States mail, first class postage fully prepaid to the persons and addresses listed below:

6

7   Charles A. Jones, Esq.
    Kelly McInerney, Esq.
8   JONES LAW FIRM
    9585 Prototype Court, Suite B
9   Reno, NV 89521
    *Attorneys for Plaintiffs*

10

11

12                                    Angela M. Rogan
                                      An Employee of Holland & Hart LLP

13

14

15   7512690_1

16

17

18

19

20

21

22

23

24

25

26

27

28

HOLLAND & HART LLP
9555 Hillwood Drive, 2nd Floor
Las Vegas, NV 89134
Phone: (702) 669-4600 ♦ Fax: (702) 669-4650