Anthony L. Hall
Nevada Bar No. 5977
ahall@hollandhart.com
Dora V. Lane, Esq.
Nevada Bar No. 8424
dlane@hollandhart.com
R. Calder Huntington, Esq.
Nevada Bar No. 11996
rchuntington@hollandhart.com
HOLLAND & HART LLP
9555 Hillwood Drive, 2nd Floor
Las Vegas, Nevada 89134
(702) 669-4600

*Attorneys for Defendant*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| ERNESTO AMADOR, and LUIS ANGUIANO, as individuals, and on behalf of all others similarly situated<br><br>Plaintiffs,<br><br>v.<br><br>BULLY'S SPORT'S BAR & GRILL, INC. a Nevada,<br>Defendant. | CASE NO.: 3:15-CV-00022- HDM-VPC<br><br>**CASE MANAGEMENT REPORT** |

Defendant Bully's Sports Bar & Grill, Inc. ("Defendant"), by and through their undersigned counsel of record, hereby submit the following Case Management Report.

1. SHORT STATEMENT OF THE NATURE OF THE CASE, INCLUDING A DESCRIPTION OF EACH CLAIM AND DEFENSE:

**Plaintiff's Position:**

Plaintiffs have filed a collective action under the Fair Labor Standards Act (29 USC §216(b)) alleging that Bully's Sports Bar & Grill has illegally misclassified its salaried Kitchen Managers, Assistant Kitchen Managers, and Cooks as exempt from overtime. Plaintiffs further contend that the salaried Kitchen Managers, Assistant Kitchen Managers and Cooks consistently worked over 40 hours per week without receiving minimum wage and overtime as required by 29 U.S.C. §§ 201 and 207. Plaintiffs further contend that Bully's failure to comply with the mandatory

overtime pay requirement of the FLSA was willful and that a three year statute of limitations applies to this case. Although the defendant bears the burden of proving that the class members qualify for an exemption for overtime, plaintiffs contend that they do not qualify for any exemption because their primary duty was that of a cook, and not that of a manager. Plaintiffs contend that each class member is entitled to recover the following: (1) the applicable minimum wage rate for each hour worked and (2) one and one-half time's their hourly rate of pay for each hour worked in excess of 40 hours per week, along with liquidated damages, attorney's fees and costs.

Defendant withdrew its Motion on the Pleadings and stipulated to conditional certification of this action after the parties agreed to an amended complaint. Docket No. 29. The Order on that Stipulation was signed on March 10, 2015. Docket No. 33. To date, twenty-six (26) class members have filed consent to join forms.

On April 20, the parties filed a stipulation and proposed order which dictates that Notice of the pendency of this action and right to join the action be sent to all potential class members. Docket No. 47.

**Defendant's Position:**

This is a dispute between Defendant and a group of its current and former employees who were employed in three different positions at Defendant's sports bars: 1) Kitchen Manager; 2) Assistant Kitchen Manager; and 3) salaried Cook. Plaintiffs contend that Defendant failed to pay the Plaintiff class members properly and that they are owed unpaid overtime and minimum wage.

Defendant denies Plaintiffs allegations and contends that the potential class members were properly classified as exempt employees. *See also* 29 C.F.R. Part 541. Further, to the extent that Defendant may owe any overtime to the Plaintiff class, that amount should be calculated in accordance with 29 C.F.R. § 778.114, also known as the fluctuating work week method of calculating overtime. In addition, Defendant contends that Plaintiffs were never paid below the minimum wage.

Defendant also intends to assert the following affirmative defenses: (1) All the affirmative defenses set forth in FRCP 8(C); (2) failure to state a claim upon which relief may be granted; (3) If the actions of former or current employees are found to be wrongful in any way, then those actions

cannot be attributed to Defendant, that Defendant is not liable under concepts of Respondeat Superior, nor is Defendant vicariously liable; (4) Plaintiffs failed to exhaust their administrative, statutory, arbitration and/or contractual remedies (5) Assuming *arguendo* there is an unpaid wage violation, Defendant at all times had a good faith and reasonable belief that it had compensated Plaintiffs in accordance with the FLSA and, therefore, no liquidated damages are due Plaintiffs; (6) Defendant did not suffer or permit the work in question; (7) Any alleged violation of the FLSA was not willful and Plaintiffs' claims are therefore limited to two years pursuant to 29 U.S.C. § 255 (8) Plaintiffs have already been fully compensated; (9) Plaintiffs are exempt from compensation for minimum wage and/or overtime under 29 U.S.C. § 201 *et seq.*, including but not limited to, the administrative, professional, executive, and creative professional exemptions; (10) Assuming Plaintiffs are entitled to any overtime, all of the elements of compensation for Plaintiffs that fall with Section 7(e) of the FLSA, 29 U.S.C. section 207(e), must exclude from the regular rate of pay for the purpose of calculating overtime, if any; (11) The hours claimed by Plaintiffs are not "hours worked" under the FLSA so that overtime compensation need not be paid for those hours; (12) There exists a *bona fide* dispute as to whether any further compensation is actually due to Plaintiffs, and if so, the amount thereof; (13) Plaintiffs were never entitled to the monies to which they assert a right to in the First Amended Complaint; (14) Assuming Plaintiffs are entitled to any overtime, Defendant is entitled to a credit for or set off against amounts overpaid to Plaintiffs in the course of their employment. This credit or setoff includes, but is not limited to, amounts erroneously overpaid to Plaintiffs; (15) Assuming *arguendo* there is an overtime violation, Plaintiffs' compensation is properly calculated in accordance with 29 CFR § 778.114, also known as the Fluctuating Work Week method of calculating overtime; (16) Plaintiffs fail to state a claim against Defendant upon which declaratory or injunctive relief can be awarded; (17) Plaintiffs have an adequate remedy at law; thus, injunctive relief is inappropriate; (18) The damages Plaintiffs requests must be reduced by virtue of Plaintiffs' failure to mitigate those damages; (19) Plaintiffs fail to state a claim against Defendant upon which attorneys' fees and costs can be awarded; (20) To the extent that Plaintiffs claim to appear in a representative capacity, Plaintiffs were not similarly situated to any other employees they seek to represent. No community of interest exists between Plaintiffs and any

allegedly similarly situated individuals, and representative treatment is neither a superior nor a suitable means of adjudicating claims alleged in the First Amended Complaint; (21) Plaintiffs' claims, or portions thereof, are precluded by the statute of limitations and/or laches; (22) Plaintiff have failed to state their claim for special damages with the requisite specificity; (23) It has been necessary for the Defendant to employ the services of attorneys to defend this action and a reasonable sum should be allowed Defendant as and for attorneys' fees, together with its costs expended in this action; (24) Defendant alleges that Plaintiffs' claims are barred by the doctrine of laches; (25) Defendant alleges that Plaintiffs' claims are barred by discharge in bankruptcy; (26) The First Amended Complaint is barred by the Portal-To-Portal Act, 29 U.S.C. section 254, to the extent it includes or seeks any overtime pay for "commuting time."; (27) Because the First Amended Complaint is couched in conclusory and vague terms, Defendant cannot fully anticipate all affirmative defenses that may be applicable to this case. Accordingly, Defendant hereby reserves the right to assert additional affirmative defenses

2. **DESCRIPTION OF THE PRINCIPAL FACTUAL AND LEGAL DISPUTES IN THE CASE:**

Factual disputes:

Plaintiffs' position: The key factual disputes include but are not limited to: 1.) the job tasks performed by the class members; 2.) how much time the class members spent performing these job tasks; 3.) the number of other employees working with the class members during their shifts and their rates of pay; 4.) the ability of the class members to hire and fire other employees; and 5.) the number of other exempt employees working in the restaurant at the same time as the class members.

Defendant's position: The key factual disputes involved in this case will be what the Plaintiff class members job duties were and how much time they spent on different job duties. An additional potential factual dispute is the amount of time class members worked, which will likely be ascertainable during discovery.

Legal disputes: The key legal disputes will be whether the Plaintiff class members' job duties make them FLSA exempt as management-level employees and what, if they are not exempt, is the proper method for calculating unpaid overtime and whether they were ever compensated at a

rate failing to meet the minimum wage.

3. <u>JURISDICTIONAL BASES FOR THE CASE</u>:

The court has federal question jurisdiction over this matter pursuant to 28 U.S.C. § 1331.

4. <u>PARTIES WHO HAVE NOT BEEN SERVED AND AN EXPLANATION WHY THEY HAVE NOT BEEN SERVED; AND ANY PARTIES WHICH HAVE BEEN SERVED BUT HAVE NOT ANSWERED OR OTHERWISE APPEARED</u>:

None.

5. <u>STATEMENT WHETHER ANY PARTY EXPECTS TO ADD ADDITIONAL PARTIES TO THE CASE OR OTHERWISE AMEND THE PLEADINGS</u>:

On May 20, 2015, the parties filed a stipulation and proposed order providing that Notice be sent to all the potential class members and giving those individuals ninety (90) days to join the action. Docket No. 47. Pursuant to that stipulation, notice will be sent to the class members within fourteen (14) days of the Court signing the Order. As such, additional class members, above and beyond the twenty-six (26) who have already joined, may join the action. In addition, Plaintiffs may file an amended complaint adding additional defendants and/or an additional subclass as discovery proceeds.

6. <u>CONTEMPLATED MOTIONS AND A STATEMENT OF ISSUES TO BE DECIDED BY THESE MOTIONS</u>:

Plaintiff: Plaintiff anticipates filing a Motion for Summary Judgment after the close of discovery. Plaintiff may also file a motion for contact information of percipient witnesses, if the parties are unable to reach an agreement.

Defendant:

Motion to Decertify: Defendant intends to argue that the opt-in plaintiffs are not all similarly situated and are not similarly situated to the named plaintiffs.

Motion for Summary Judgment: Defendant anticipates filling a motion for summary judgment after the close of discovery.

7. **PENDING MOTIONS THAT MAY AFFECT THE PARTIES' ABILITIES TO COMPLY WITH A CASE MANAGEMENT ORDER, INCLUDING A BRIEF DESCRIPTION OF THOSE MOTIONS:**

None.

8. **STATUS OF RELATED CASES PENDING BEFORE OTHER COURTS OR OTHER JUDGES OF THIS COURT:**

There are no known related cases.

9. **ANY FURTHER SUPPLEMENTAL DISCUSSION OF NECESSARY DISCOVERY, INCLUDING:**

   a.   The extent, nature, and location of discovery anticipated by the parties:

   Plaintiffs anticipate the following discovery: (1) deposition(s) of defendant's Rule 30(b)(6) designate(s) on numerous topics; (2) depositions of current and former district managers; (3) deposition of Jo Sonner; (4) depositions of other percipient witnesses as necessary; and (5) written discovery.

   Defendants anticipate the following discovery: (1) depositions of the named plaintiffs and various opt-in plaintiffs; and (2) written discovery.

   b.   Suggested revisions, if any, to the discovery limitations imposed by the Federal Rules of Civil Procedure and LR 26-1(e):

   None.

   c.   The number of hours permitted for each deposition, unless extended by the parties.

   Seven hours, as provided by the Federal Rules of Civil Procedure, unless otherwise agreed to or ordered.

10. **DISCUSSION OF ANY ISSUES RELATING TO THE DISCLOSURE OR DISCOVERY OF ELECTRONICALLY STORED INFORMATION ("ESI"), INCLUDING THE FORM OR FORMS IN WHICH IT SHOULD BE PRODUCED:**

The parties do not have any concerns relating to the disclosure or discovery of ESI at this time.

11. **DISCUSSION OF ANY ISSUES RELATED TO CLAIMS OF PRIVILEGE OR WORK PRODUCT:**

The parties do not have any concerns related to claims of privilege or work-product at this time.

12. PROPOSED DATES FOR COMPLETION OF DISCOVERY:

   a. Deadline for the completion of discovery:

   Plaintiffs' Position: The parties filed a stipulation and proposed order on May 20, 2015 which provides that Notice be sent to all potential class members within fourteen (14) days of the Order being signed. The potential class members are given ninety (90) days in which to submit Consent to Join forms. The Parties agree that discovery will continue after the time for class members to join the action has expired.

   Thus, the Parties propose **December 1, 2015** as the cutoff for discovery.

   b. Deadline for amending the pleadings and adding parties:

   **October 1, 2015.**

   c. Deadline for complete disclosure of expert testimony:

   Disclosure of expert witnesses: **October 1, 2015.** Disclosure of rebuttal expert witnesses: **October 30, 2015.**

   d. Deadline for the filing of dispositive motions:

   **February 4, 2016.**

   e. Deadline to file joint pretrial order:

   **February 25, 2016**. However, in the event that dispositive motions are filed, the date for filing the Joint Pretrial Order shall be suspended until thirty (30) days after a decision on the dispositive motions or further order of the Court.

13. IF THIS IS A PATENT CASE, PROPOSED DATES FOR ALL REQUIRED DISCLOSURES, STATEMENTS, AND CLAIM CONSTRUCTION BRIEFING:

   This is not a patent case.

14. WHETHER A JURY HAS BEEN REQUESTED AND WHETHER THE REQUEST FOR A JURY TRIAL IS CONTESTED:

   Neither party has requested a jury.

15. **ESTIMATED LENGTH OF TRIAL AND ANY SUGGESTIONS FOR SHORTENING THE TRIAL:**

The parties estimate five to seven days for trial. The parties do not presently have any suggestions for shortening the trial.

16. **PROSPECTS FOR SETTLEMENT, INCLUDING ANY REQUEST OF THE COURT FOR ASSISTANCE IN SETTLEMENT EFFORTS:**

The parties have not yet discussed settlement, however settlement discussions are anticipated.

17. **ANY OTHER MATTERS THAT WILL AID THE COURT AND PARTIES IN RESOLVING THIS CASE IN A JUST, SPEEDY, AND INEXPENSIVE MANNER AS REQUIRED BY Fed.R.Civ.P. 1:**

The parties are unaware of any other matters that will aid the Court and parties in resolving this case in a just, speedy, and inexpensive matter at this time.

RESPECTFULLY SUBMITTED.

April 22, 2015.

/s/ R. Calder Huntington, Esq.
Anthony L. Hall, Esq.
Dora V. Lane, Esq.
R. Calder Huntington, Esq.
Holland & Hart LLP
9555 Hillwood Drive, 2nd Floor
Las Vegas, Nevada 89134

*Attorneys for Defendant*

April 22, 2015.

/s/ Charles A. Jones, Esq.
Charles A. Jones, Esq.
Kelly McInerney
JONES LAW FIRM
9585 Prototype Court, Suite B
Reno, NV 89521

*Attorneys for Plaintiffs*