Anthony L. Hall, Esq.
Nevada Bar No. 5977
ahall@hollandhart.com
R. Calder Huntington, Esq.
Nevada Bar No. 11996
rchuntington@hollandhart.com
Erica C. Smit, Esq.
Nevada Bar No. 13959
ecsmit@hollandhart.com
HOLLAND & HART LLP
5441 Kietzke Lane, Second Floor
Reno, Nevada 89511
Telephone: (775) 327-3000; Fax: (775) 786-6179

*Attorneys for Defendants*

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ERNESTO AMADOR, LUIS ANGUIANO, and JUAN CARLOS "VICTOR" MARTINEZ as individuals, and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>BULLY'S SPORTS BAR & GRILL, INC., a Nevada Corporation, and SHARLING "JO" SONNER, an individual,<br><br>Defendants. | CASE NO.:  3:15-CV-00022- HDM-VPC<br><br>**DEFENDANTS' ANSWER TO THIRD AMENDED COMPLAINT** |

Defendants Bully's Sports Bar & Grill, Inc. ("Bully's") and Sharling "Jo" Sonner ("Sonner") (jointly, "Defendants"), by and through their counsel of record, Holland & Hart LLP, hereby admit, deny, and otherwise respond to the allegations set forth in Ernesto Amador, Luis Anguiano, and Juan Carlos "Victor" Martinez's ("Plaintiffs") Third Amended Complaint as follows:

1. Answering Paragraph 1 of the Third Amended Complaint, Defendants allege that Plaintiffs' Third Amended Complaint contains legal conclusions to which no response is required. Defendants acknowledge that Plaintiffs purport to bring this action as a putative collective action on behalf of three distinct collective action groups. Plaintiffs' "FLSA Collective Action Group

2"—the "Salaried Cooks"—have settled their claims by accepting an offer of judgment filed with this Court, and thus, no answer is necessary regarding that group. To the extent that any further response is required, Defendants deny the allegations therein.

## I.

## JURISDICTION AND VENUE

2. Answering Paragraph 2 of the Third Amended Complaint, Defendants allege that this paragraph contains legal conclusions to which no response is required. To the extent that a response is required, Defendants deny the allegations in Paragraph 2 of the Third Amended Complaint.

3. Answering Paragraph 3 of the Third Amended Complaint, Defendants allege that this paragraph contains legal conclusions to which no response is required. Defendants admit that Plaintiffs were employed by and performed work for Bully's in Washoe County, Nevada, and that Bully's corporate headquarters and principal place of business is located in Washoe County, Nevada. To the extent that any further response is required, Defendants deny the allegations in Paragraph 3 of the Third Amended Complaint.

## II.

## FACTUAL ALLEGATIONS

4. Answering Paragraph 4 of the Third Amended Complaint, Defendants allege that this paragraph contains legal conclusions to which no response is required. Defendants admit that Bully's operates seven "Bully's" locations in Washoe County and Carson City, Nevada, that these locations may be found on Bully's website, and that Bully's corporate headquarters and principal place of business is in Washoe County, Nevada. Defendants similarly admit that Bully's has employed Plaintiffs. Defendants, however, lack sufficient information to form a reasonable belief as to what Plaintiffs consider the "relevant time" or who is similarly situated, and thus deny such allegations. To the extent any further response is required, Defendants deny the remaining allegations in Paragraph 4 of the Third Amended Complaint.

5. Answering Paragraph 5 of the Third Amended Complaint, Defendants allege that this paragraph contains legal conclusions to which no response is required. Defendants admit that

Sonner is the sole corporate officer of Bully's, that from January 16, 2012 through the present, Sonner was Bully's president, secretary, director, and Chief Executive Officer, that Sonner owns 85% of Bully's shares, that Sonner has the ability to hire and fire Kitchen Managers, Assistant Kitchen Managers, and salaried Cooks, and that Sonner is the sole individual authorized to sign paychecks for Kitchen Managers, Assistant Kitchen Managers, and salaried Cooks. Defendants deny each remaining allegation in Paragraph 5 of the Third Amended Complaint.

6. Answering Paragraph 6 of the Third Amended Complaint, Defendants admit the allegations of subparagraphs (a) and (b) (although safety meetings generally were not attended by salaried Cooks). Defendants deny the allegations of subparagraphs (c), (f), and (g). Defendants allege that the allegations of subparagraphs (d) and (i) constitute an improper attempt to use a subsequent remedial measure to prove liability. Defendants admit that Sonner attended some disciplinary meetings and authored notes to employee files, but deny the remaining allegations of subparagraph (e). With regard to the allegations of subparagraph (h), Defendants admit that Sonner approved the policies and procedures in Bully's employee handbook, but deny that Sonner authored the policies and procedures in Bully's employee handbook. To the extent any further response is required, Defendants deny the remaining allegations in Paragraph 6 of the Third Amended Complaint.

7. Answering Paragraph 7 of the Third Amended Complaint, Defendants admit that Sonner has been actively engaged in the day to day operations of Bully's and that Sonner has signed contracts with vendors. Defendants deny each remaining allegations in Paragraph 7 of the Third Amended Complaint.

8. Answering Paragraph 8 of the Third Amended Complaint, Defendants allege that this paragraph contains legal conclusions to which no response is required. Defendants admit that Sonner has the power to hire and fire members of the Collective Action Groups. Defendants admit that Plaintiffs have quoted language from 29 U.S.C. § 203(d) (although one word is inaccurately quoted) and the term "person" is defined under the FLSA to include an "individual." To the extent any further response is required, Defendants deny the remaining allegations in Paragraph 8 of the Third Amended Complaint.

9. Answering Paragraph 9 of the Third Amended Complaint, Defendants allege that Plaintiffs' Third Amended Complaint contains legal conclusions to which no response is required. Defendants acknowledge that Plaintiffs refer to Bully's and Sonner collectively as "Defendants" in the Third Amended Complaint.

10. Answering Paragraph 10 of the Third Amended Complaint, Defendants lack sufficient information to admit or deny whether Plaintiff Amador resided in Washoe County, Nevada, and thus deny the same. Defendants admit that Bully's employed Plaintiff Amador as a salaried, exempt "Kitchen Manager" during the three year period prior to the filing of this action at Bully's 18156 Wedge Parkway location in Reno, Nevada (which Defendants refer to as Bully's #2). Defendants, however, deny that Bully's employed Plaintiff Amador for the entire three-year period prior to the filing of this action. Defendants admit that Plaintiff Amador was paid a salary of approximately $43,000 per year, including vacations and bonuses. Defendants deny each remaining allegation in Paragraph 10 of the Third Amended Complaint.

11. Answering Paragraph 11 of the Third Amended Complaint, Defendants lack sufficient information to admit or deny whether Plaintiff Anguiano resided in Washoe County, Nevada, and thus deny the same. Defendants admit that Bully's employed Plaintiff Anguiano as a salaried, exempt "Cook" during the three year period prior to the filing of this action at 18156 Wedge Parkway in Reno, NV and 9725 Pyramid Way in Sparks, NV, however, Defendants deny that Bully's employed Plaintiff Anguiano at 2898 Vista Boulevard in Sparks, NV or at 2955 N. McCarran Boulevard in Sparks, NV during this period. Defendants further admit that Plaintiff Anguiano resigned from his employment in January 2015. Defendants deny that Bully's employed Plaintiff Anguiano for the entire three-year period prior to the filing of the Third Amended Complaint. Defendants admit that Plaintiff Anguiano was paid a salary of approximately $31,000 per year during this period, including paid vacation. Defendants deny each remaining allegation in Paragraph 11 of the Third Amended Complaint.

12. Answering Paragraph 12 of the Third Amended Complaint, Defendants lack sufficient information to admit or deny whether Plaintiff Martinez resided in Washoe County, Nevada, and thus deny the same. Defendants admit that Bully's employed Plaintiff Martinez as a

salaried, exempt "Assistant Kitchen Manager" and "Kitchen Manager" during the three year period prior to the filing of this action at 1640 Robb Drive, Reno NV (which Defendants refer to as Bully's #10). Defendants admit that Plaintiff Martinez was paid a salary, including paid vacation. Defendants deny each remaining allegation in Paragraph 12 of the Third Amended Complaint.

13. Answering Paragraph 13 of the Third Amended Complaint, Defendants deny the allegations contained in Paragraph 13 of the Third Amended Complaint.

14. Answering Paragraph 14 of the Third Amended Complaint, Defendants deny the allegations in Paragraph 14 of the Third Amended Complaint.

15. Answering Paragraph 15 of the Third Amended Complaint, Defendants acknowledge that Plaintiffs do not claim to bring this action on behalf of the General Managers and Assistant General Managers. Defendants also admit that Bully's employs various non-exempt employees, such as bartenders, wait staff, and bussers. Defendants deny the remaining allegations contained in Paragraph 15 of the Third Amended Complaint.

16. Answering Paragraph 16 of the Third Amended Complaint, Defendants deny the allegations in Paragraph 16 of the Third Amended Complaint.

17. Answering Paragraph 17 of the Third Amended Complaint, Defendants allege that the allegations of Paragraph 17 of the Third Amended Complaint constitute an improper attempt to use a subsequent remedial measure to prove liability.

18. Answering Paragraph 18 of the Third Amended Complaint, Defendants allege that this paragraph contains legal conclusions to which no response is required. To the extent that a response is required, Defendants deny the allegations therein.

19. Answering Paragraph 19 of the Third Amended Complaint, Defendants allege that this paragraph contains legal conclusions and/or other statements to which no response is required. To the extent that a response is required, Defendants deny the allegations therein.

20. Answering Paragraph 20 of the Third Amended Complaint, Defendants allege that this paragraph contains legal conclusions and/or other statements to which no response is required. Defendants admit that Bully's kept track of its employees' hours worked through use of an electronic time tracking system and that it maintained a schedule of the days and hours to be

worked for Plaintiffs and all other kitchen-based employees. Defendants, however, deny that Bully's time-tracking system was "automated." Further, Defendants lack sufficient information to admit or deny whether the kitchen employees' schedules were adhered to rigidly, and thus deny the same. Defendants also admit that Plaintiffs did sometimes work in excess of forty hours per week. To the extent that any further response is required to Plaintiffs' remaining allegations in Paragraph 20 of the Third Amended Complaint, Defendants deny the allegations therein.

21.     Answering Paragraph 21 of the Third Amended Complaint, Defendants allege that this paragraph contains legal conclusions to which no response is required. To the extent that a response is required, Defendants deny the allegations therein.

22.     Answering Paragraph 22 of the Third Amended Complaint, Defendants allege that this paragraph contains legal conclusions and/or other statements to which no response is required. To the extent that a response is required, Defendants deny the allegations therein.

### III.

### COLLECTIVE ACTION ALLEGATIONS

23.     Answering Paragraph 23 of the Third Amended Complaint, Defendants incorporate their prior admissions, averments, or denials of the allegations contained in the preceding paragraphs as though these answers were fully alleged herein.

24.     Answering Paragraph 24 of the Third Amended Complaint, Defendants allege that this paragraph contains legal conclusions to which no response is required. Defendants acknowledge that Plaintiffs purport to bring this action as a collective action on behalf of three distinct collective action groups. Plaintiffs' "FLSA Collective Action Group 2"—the "Salaried Cooks"—have settled their claims by accepting an offer of judgment filed with this Court, and thus, no answer is necessary regarding that group. To the extent that any further response is required, Defendants deny the allegations therein.

25.     Answering Paragraph 25 of the Third Amended Complaint, Defendants acknowledge that this Court conditionally certified this case as a Collective action pursuant to 29 U.S.C. § 216(b) pursuant to a stipulation and Court order dated April 29, 2015. Defendants acknowledge that this Court approved the mailing of Notice and Consent to Join forms to potential

opt-in plaintiffs. Defendants acknowledge that the date to opt-in to this case and file a Consent to Join form expired in August 2015. Defendants deny that Plaintiffs are proper representatives of other persons employed by Bully's or that they are similarly situated to those they purport to represent. To the extent that any further response is required, Defendants deny the allegations therein.

    A. Answering Subparagraph A of Paragraph 25, Defendants admit that Bully's has employed a number of salaried Kitchen Managers, Assistant Kitchen Managers, and Cooks, all of whom were paid a salary. Defendants deny the remaining allegations set forth in Subparagraph A of Paragraph 25.

    B. Answering Subparagraph B of Paragraph 25, Defendants allege that this paragraph contains legal conclusions and/or other statements requiring no response. To the extent that a response is required, Defendants deny the allegations in Subparagraph B of Paragraph 25.

    C. Answering Subparagraph C of Paragraph 25, Defendants allege that this subparagraph contains legal conclusions to which no response is required. To the extent that a response is required, Defendants deny the allegations set forth in Subparagraph C of Paragraph 25.

    D. Answering Subparagraph D of Paragraph 25, Defendants allege that this paragraph contains legal conclusions to which no response is required. To the extent that a response is required to Plaintiffs' allegations in Subparagraph D of Paragraph 25, Defendants deny the allegations therein.

    E. Answering Subparagraph E of Paragraph 25, Defendants allege that this paragraph contains legal conclusions to which no response is required. To the extent that a response is required to Plaintiffs' allegations in Subparagraph E of Paragraph 24, Defendants deny the allegations therein.

    F. Answering Subparagraph F of Paragraph 25, Defendants allege that this paragraph contains legal conclusions to which no response is required. To the extent that a response is required to Plaintiffs' allegations in Subparagraph F of

Paragraph 25, Defendants deny the allegations therein.

G. Answering the second Subparagraph F of Paragraph 25, Defendants allege that this paragraph contains legal conclusions to which no response is required. To the extent that a response is required to Plaintiffs' allegations in the second Subparagraph F of Paragraph 25, Defendants deny the allegations therein.

## IV.

## FIRST CAUSE OF ACTION

Failure to Pay Wages in Violation of the FLSA, 29 U.S.C. § 201, et seq.

(On behalf of Plaintiffs and all others similarly situated members of FLSA Collective Action Groups 1, 2 and 3)

26. Answering Paragraph 26 of the Third Amended Complaint, Defendants incorporate their prior admissions, averments, or denials of the allegations contained in the preceding paragraphs as though these answers were fully alleged herein.

27. Answering Paragraph 27 of the Third Amended Complaint, Defendants allege that this paragraph contains legal conclusions to which no response is required. To the extent that a response is required, Defendants deny the allegations therein.

28. Answering Paragraph 28 of the Third Amended Complaint, Defendants admit that Plaintiffs have quoted language from 29 U.S.C. § 206(a)(1) regarding the minimum wage (though Plaintiffs fail to include a necessary ellipsis showing excluded language), but deny that Defendants have violated any requirement of the statute and deny any remaining allegations in Paragraph 28 of the Third Amended Complaint.

29. Answering Paragraph 29 of the Third Amended Complaint, Defendants allege that this paragraph contains legal conclusions to which no response is required.

30. Answering Paragraph 30 of the Third Amended Complaint, Defendants deny the allegations therein.

31. Answering Paragraph 31 of the Third Amended Complaint, Defendants allege that this paragraph contains legal conclusions and/or other statements to which no response is required. To the extent that a response is required, Defendants deny the allegations therein.

32.     Answering Paragraph 32 of the Third Amended Complaint, Defendants allege that this paragraph contains legal conclusions and/or other statements to which no response is required. To the extent that a response is required, Defendants admit that Plaintiffs seek damages and other relief but deny that Plaintiffs are entitled to any damages or other relief by way of the Third Amended Complaint.

V.

## SECOND CAUSE OF ACTION

Failure to Pay Overtime Wages in Violation of the FLSA, 20 U.S.C. § 207

(On behalf of Plaintiffs and all other similarly situated members of FLSA Collective Action Groups 1, 2 and 3)

33.     Answering Paragraph 33 of the Third Amended Complaint, Defendants incorporate their prior admissions, averments, or denials of the allegations contained in the preceding paragraphs as though these answers were fully alleged herein.

34.     Answering Paragraph 34 of the Third Amended Complaint, Defendants allege that this paragraph contains legal conclusions and/or other statements to which no response is required. To the extent that a response is required, Defendants admit that the FLSA generally regulates the payment of overtime and deny any remaining allegations contained in Paragraph 34 of the Third Amended Complaint.

35.     Answering Paragraph 35 of the Third Amended Complaint, Defendants admit Plaintiffs quote language from 29 U.S.C. § 207(a)(1) (though Plaintiffs fail to identify a modification in their quoted language) regarding payment of overtime.  Defendants deny the relevance of this provision and deny any remaining allegations in Paragraph 35 of the Third Amended Complaint.

36.     Answering Paragraph 36 of the Third Amended Complaint, Defendants allege that this paragraph contains legal conclusions and/or other statements to which no response is required. To the extent that a response is required, Defendants admit that there are exemptions to the FLSA's overtime requirements and deny Plaintiffs' remaining allegations therein.

37.     Answering Paragraph 37 of the Third Amended Complaint, Defendants admit that

Plaintiffs quote language from 29 U.S.C. § 216(b) (though Plaintiffs fail to provide an ellipsis to show removed language). Defendants deny the relevance of this provision and deny any further allegations in Paragraph 37 of the Third Amended Complaint.

38. Answering Paragraph 38 of the Third Amended Complaint, Defendants admit that Plaintiffs quote language from 29 U.S.C. § 217. Defendants deny the relevance of this provision and deny any further allegations in Paragraph 38 of the Third Amended Complaint.

39. Answering Paragraph 39 of the Third Amended Complaint, Defendants allege that this paragraph contains legal conclusions and/or other statements to which no response is required. Defendants admit that the statute of limitations for willful violations of the FLSA is three years. Defendants deny that such statute of limitations is applicable and, to the extent any further response is required, deny the remaining allegations contained in Paragraph 39 of the Third Amended Complaint.

40. Answering Paragraph 40 of the Third Amended Complaint, Defendants allege that this paragraph contains legal conclusions and/or other statements to which no response is required. To the extent that a response is required, Defendants admit that Plaintiffs seek various forms of damages and other relief but deny that Plaintiffs are entitled to any damages or other relief by way of the Third Amended Complaint.

## PRAYER FOR RELIEF

Defendants are not required to respond to Plaintiffs' prayer for relief. However, to the extent Plaintiffs' prayer for relief asserts allegations, Defendants deny each and every allegation in Plaintiffs' prayer for relief.

Defendants generally deny each and every allegation of Plaintiffs' Third Amended Complaint not specifically admitted herein.

WHEREFORE, Defendants respectfully asks this Court:

1. That Plaintiffs receive nothing by way of their Third Amended Complaint, and that Plaintiffs' claims be dismissed with prejudice and be forever barred;

2. For recovery of Defendants' costs and attorneys' fees incurred herein;

3. For such other and further relief as the Court deems just and proper.

**AFFIRMATIVE DEFENSES**

1. Plaintiffs' Third Amended Complaint and each cause of action asserted therein are barred by the affirmative defenses set forth in FRCP 8(C) and any other applicable affirmative defenses not specifically set forth herein.

2. The Third Amended Complaint fails to state a claim upon which relief may be granted.

3. If the actions of former or current employees are found to be wrongful in any way, then those actions cannot be attributed to Defendants, that Defendants are not liable under concepts of Respondeat Superior, nor are Defendants vicariously liable.

4. Plaintiffs failed to exhaust their administrative, statutory, arbitration and/or contractual remedies.

5. Assuming *arguendo* there is an unpaid wage violation, Defendants at all times had a good faith and reasonable belief that they had compensated Plaintiffs in accordance with the FLSA and, therefore, no liquidated damages are due to Plaintiffs.

6. Defendants did not suffer or permit the work in question.

7. Any alleged violation of the FLSA was not willful and Plaintiffs' claims are therefore limited to two years pursuant to 29 U.S.C. § 255.

8. Plaintiffs have already been fully compensated.

9. Plaintiffs are exempt from compensation for minimum wage and/or overtime under 29 U.S.C. § 201 *et seq.*, including but not limited to, the administrative, professional, executive, and creative professional exemptions.

10. Assuming Plaintiffs are entitled to any overtime, all of the elements of compensation for Plaintiffs that fall with Section 7(e) of the FLSA, 29 U.S.C. § 207(e), must be excluded from the regular rate of pay for the purpose of calculating overtime, if any.

11. The hours claimed by Plaintiffs are not "hours worked" under the FLSA, so overtime compensation need not be paid for those hours.

12. There exists a *bona fide* dispute as to whether any further compensation is actually due to Plaintiffs, and if so, the amount thereof.

13. Plaintiffs were never entitled to the monies to which they assert a right to in the Third Amended Complaint.

14. Assuming Plaintiffs are entitled to any overtime, Defendants are entitled to a credit for or set off against amounts overpaid to Plaintiffs in the course of their employment. This credit or setoff includes, but is not limited to, amounts erroneously overpaid to Plaintiffs.

15. Assuming *arguendo* there is an overtime violation, Plaintiffs' compensation is properly calculated in accordance with 29 C.F.R. § 778.114, also known as the Fluctuating Work Week method of calculating overtime.

16. Plaintiffs fail to state a claim against Defendants upon which declaratory or injunctive relief can be awarded.

17. Plaintiffs have an adequate remedy at law; thus, injunctive relief is inappropriate.

18. The damages Plaintiffs request must be reduced by virtue of Plaintiffs' failure to mitigate those damages.

19. Plaintiffs fail to state a claim against Defendants upon which attorney's fees and costs can be awarded.

20. To the extent that Plaintiffs claim to appear in a representative capacity, Plaintiffs were not similarly situated to any other employees they seek to represent. No community of interest exists between Plaintiffs and any allegedly similarly situated individuals, and representative treatment is neither a superior nor a suitable means of adjudicating claims alleged in the Third Amended Complaint.

21. Plaintiffs' claims, or portions thereof, are precluded by the statute of limitations and/or laches.

22. Plaintiff have failed to state their claim for special damages with the requisite specificity.

23. It has been necessary for the Defendants to employ the services of attorneys to defend this action and a reasonable sum should be allowed Defendants as and for attorney's fees, together with its costs expended in this action.

24. Defendants allege that Plaintiffs' claims are barred by the doctrine of laches.

25. Defendants allege that Plaintiffs' claims are barred by discharge in bankruptcy.

26. The Third Amended Complaint is barred by the Portal-To-Portal Act, 29 U.S.C. § 254, to the extent it includes or seeks any overtime pay for "commuting time."

27. Defendants allege that Sonner is not an employer.

28. Plaintiffs' claims regarding the "FLSA Collective Action Group 2" have been settled by each member of FLSA Collective Action Group 2 having accepted an offer of judgment.

29. Because the Third Amended Complaint is couched in conclusory and vague terms, Defendants cannot fully anticipate all affirmative defenses that may be applicable to this case. Accordingly, Defendants hereby reserve the right to assert additional affirmative defenses

DATED October 20, 2016.

/s/ Anthony L. Hall
Anthony L. Hall, Esq.
Nevada Bar No. 5977
ahall@hollandhart.com
R. Calder Huntington, Esq.
Nevada Bar No. 11996
rchuntington@hollandhart.com
Erica C. Smit, Esq.
Nevada Bar No. 13959
ecsmit@hollandhart.com
HOLLAND & HART LLP
5441 Kietzke Lane, Second Floor
Reno, Nevada 89511
Telephone: (775) 327-3000; Fax: (775) 786-6179

*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

Pursuant to Fed. R. Civ. P. 5(b), I hereby certify that on the 20th day of October 2016, I served a true and correct copy of the foregoing **DEFENDANTS' ANSWER TO THIRD AMENDED COMPLAINT** by electronic transmission to the parties on electronic file and/or depositing same in the United States mail, first class postage fully prepaid to the persons and addresses listed below:

Charles A. Jones, Esq.
Kelly McInerney
JONES LAW FIRM
9585 Prototype Court, Suite B
Reno, NV 89521
*Attorneys for Plaintiffs*

                                         /s/ Marcia Filipas
                                         Marcia Filipas

9216160_2

HOLLAND & HART LLP
5441 Kietzke Lane, Second Floor
Reno, Nevada 89511
Phone: (775) 327-3000 ♦ Fax: (775) 786-6179