1
2
3
4
5
6

Charles A. Jones, Esq., SBN 6698
Kelly McInerney, Esq., SBN 7443
JONES LAW FIRM
9585 Prototype Court, Suite B
Reno, Nevada 89521
Telephone: (775) 853-6440
Facsimile:  (775) 853-6445
Caj@cjoneslawfirm.com
Kelly@cjoneslawfirm.com

7

Attorneys for Plaintiffs

8

9

UNITED STATES DISTRICT COURT

10

FOR THE DISTRICT OF NEVADA

11

12
13
14

ERNESTO    AMADOR    and    LUIS
ANGUIANO,    and    JUAN    CARLOS
"VICTOR" MARTINEZ as individuals, and
on behalf of all others similarly situated

15

Plaintiffs,

16

v.

17

18
19

BULLY'S SPORTS BAR & GRILL, INC., a
Nevada Corporation, and SHARLING "JO"
SONNER, an individual.

20

Defendants.

21

Case No. 3:15-CV-00022-HDM-VPC

**JOINT CASE MANAGEMENT
REPORT**

Date: December 9, 2016
Time: 9:00 a.m.

22

23

24

25

26

        This Case Management Report is filed pursuant to this Court's Minute Order entered

November 10, 2016, setting a Case Management Conference on December 9, 2016, at 9:00 a.m.

and directing the parties to file a Joint Case Management Report three court days prior thereto

discussing any pending discovery issues and the discovery in this case.

27

///

28

///

## I.   CASE STATUS:

The parties have settled the claims related to 15 of the 25 Plaintiffs involved in this case. Specifically, the claims of the "salaried Cook" subclass were resolved following the Cooks' acceptance of Defendants' Rule 68 Offer of Judgment.  See, ECF No. 101 (Judgment).  The parties are no longer engaged in settlement negotiations on behalf of the remainder of the Plaintiffs and are in the process of completing discovery necessary for trial and dispositive motion practice.  To that end, the parties have engaged in a substantial amount of discovery since their October 14, 2016, Case Management Report (ECF No. 105).  However, the parties have not been able to complete all of the discovery necessary and through this report are respectfully requesting that the close of discovery be extended for the limited purpose of conducting only the **five** discovery items noted below from December 16, 2016 to January 30, 2017.  As set forth further below, the parties respectfully disagree as to whether the limited extension of discovery should also include a **sixth** item – to allow for third-party production of subpoenaed documents or for parties to take any necessary legal action to compel production of the same.

As set forth herein, the parties jointly request that the discovery cut-off date be extended for the sole purpose of allowing them to complete the following discovery:  (1) the continued Depositions of Plaintiffs Amador and Raudeles;  (2) the depositions of Defense Witnesses Amy Mayo, Rosa Ibarra and Gregorio Hernandez (3) to allow Plaintiffs to supplement their damage calculations after being afforded a reasonable time to review supplemental time records being produced by Defendants; (4) to allow two final site inspections; and (5) to provide the parties with an opportunity to meet and confer on Plaintiffs' pending responses to Defendants' outstanding written discovery requests, and, if necessary, seek resolution from the Court.  Excepting the one item in dispute (document subpoenas), the parties do not seek to extend the discovery cutoff for any other reason and all other discovery not otherwise noted above must be completed by

December 16, 2016.   A list of the discovery completed in this matter since the October 14, 2016,

Case Management Report is as follows:

**II.      DISCOVERY COMPLETED SINCE OCTOBER 14, 2016**

A.      DEPOSITIONS:

The parties have taken or have scheduled the following depositions to take place between

October 14, 2016 and December 16, 2016.

Defendants:

- Demetrio Gonzales

- Martha Barajas

- Feliciano Ramirez

Plaintiffs:

- Matt Odegard

- Carlene Howard

- Cassandra Hayden

- Kevin Conway

- Rossa Ibarra

- Gregorio Hernandez-Santiago [1]

B.      SITE INSPECTIONS

The parties completed site inspections in connection with Plaintiffs' Rule 34(a)(2) Request

for Inspection on the following dates:  October 25, 2016 and October 31, 2016.  The Parties also

scheduled an on-site inspection for December 2, 2016, but Plaintiffs' Counsel had to cancel due to

---

[1]      As set forth herein, while the depositions for Ms. Ibarra and Mr. Hernandez-Santiago were originally set by Plaintiff for December 13, 2016, it has proved difficult to coordinate the deponents' and counsels' schedules, necessitating that these depositions be moved to another date.

a scheduling conflict.    The parties are in the process of rescheduling the site visits for the two remaining locations requested by Plaintiff.

C.    WRITTEN DISCOVERY:

- November 8, 2016 - Defendant Bully's Supplemental Responses to Plaintiffs' Second Set of Interrogatories

- November 8, 2016 - Defendant Sonner's Supplemental Answers to Plaintiffs' First Set of Interrogatories

- November 16, 2016 - Defendants' First Set of Requests for Admission to Plaintiff Ernesto Amador

- November 16, 2016 - Defendant's First Set of Requests for Admission  to Plaintiff Juan Carlos "Victor" Martinez

- November 16, 2016 - Defendants' Third Set of Requests for Production of Documents to Plaintiffs

- Defendants have also issued numerous subpoenas to third parties for which they are currently awaiting responses.

D.    EXPERT DISCOVERY:

Defendants designated an Expert witness and disclosed their Expert's report on October 31, 2016.  The Plaintiffs have noticed the deposition of Defendants' Expert for December 7, 2016.

III.    **ADDITIONAL DISCOVERY AGREED UPON:**

A.    SITE VISITS

Plaintiffs seek to conduct on-site inspections at each of Bully's Sports Bar & Grill, Inc. ("Bully's) seven different locations.  While the parties were able to coordinate site inspections at five locations, Plaintiffs have yet to be able to inspect the remaining two locations.  The parties are in the process of rescheduling the site visits for these remaining locations.

B.       WRITTEN DISCOVERY

1.       Defendants are in the process of supplementing responses to Plaintiffs' discovery requests for time records related to Plaintiffs and opt-in plaintiffs.  Plaintiffs will require time to analyze those supplemental responses in order to provide an updated damage calculation.

2.       Plaintiffs are currently responding to two sets of requests for admissions and one set of requests for production served by Defendants.  The deadline for Plaintiffs to respond to those requests is December 16, 2016.  Depending on the responses received from Plaintiffs, the parties may need to meet and confer regarding whether those responses will needed to be supplemented.  The parties have already met and conferred regarding the Plaintiffs concern as to the scope of the requests for admissions and the parties have agreed that those requests are meant to be answered solely by the named Plaintiffs in their capacity as class representatives.  As a result, the parties do not anticipate needing to meet and confer on that issue but may need to confer regarding the substance of the responses received by these Plaintiffs and/or any objections included with those responses.   Should the parties be unable to resolve issues related to these responses, they will need to file the appropriate motion or seek appropriate resolution at the next scheduled Case Management Conference.

B.       DEPOSITIONS

1. Deposition of Amy Mayo.  Ms.  Mayo is the former Human Resources Director of Bully's.   Defendants have made numerous attempts to contact Ms. Mayo in regard to a declaration she executed that was produced by Plaintiffs in discovery on January 7, 2016.  As Defendants have been unsuccessful in their repeated attempts to communicate with Ms. Mayo, it is now necessary to subpoena her for deposition.

2. Ernesto Amador.  Mr. Amador is a named plaintiff in this matter.  His deposition was originally commenced on October 16, 2016, and was conducted with the assistance of an

interpreter.   The parties were unable to conclude the deposition, in part, because the interpreter appeared to be getting tired and was having difficulty providing a timely translation to Mr. Amamdor.   In order to avoid issues regarding whether proceeding with the deposition would compromise the record, the parties agreed to stop the deposition and reschedule it at a mutually agreeable time.

3.   Angel A. Raudales.   Mr. Raudales is an opt-in Plaintiff.   His deposition was originally commenced on October 14, 2016, but the parties were unable to conclude the deposition after Plaintiffs' counsel indicated a need to file a protective order regarding a line of questions that Defendants were pursuing.

4.   Rosa Ibarra.   Ms. Ibarra.   Ms. Ibarra is currently employed as an Assistant Kitchen Manager at Bully's.   Plaintiffs seek to depose Mr. Ibarra regarding her employment at Bully's.   It has proven difficult to coordinate a time for Ms. Ibarra deposition as a result of the Thanksgiving holiday and the other discovery being conducted since the last Case Management Conference.

5.   Gregorio Hernandez-Santiago.   Mr. Hernandez-Santiago is currently employed as a Kitchen Manager at Bully's.   Plaintiffs seek to depose Mr. Hernandez-Santiago regarding his employment at Bully's.   It has proven difficult to coordinate a time for Ms. Ibarra deposition as a result of the Thanksgiving holiday and the other discovery being conducted since the last Case Management Conference.

IV.   **ADDITIONAL DISCOVERY IN DISPUTE:**

1.   **Defendants' View:**  Defendants have subpoenaed various employment records from Plaintiffs and opt-in plaintiffs which may not be produced until after December 16, 2016, or may require legal process to compel compliance.   The entities to which subpoenas were issued were identified by reviewing the deposition transcripts of the following individuals:   (1) Angel

Raudales – 10/14/15; (2) Christopher James Lessig – 10/13/15; (3) Demetrio Gonzalez – 11/2/16; (4) Ernesto Amador – 10/16/15; and (5) Juan Carlos Victor Martinez – 10/15/15.   After review of these deposition transcripts, the following employers were identified as potentially being in possession of documents relevant to the employment of the afore mentioned individuals: (1) Atlantis Casino Resort & Spa; (2) Stone House Café; (3) Campo, (4) Coach's Sports Bar; (5) Applebee's; and (6) Flowing Tide Pub, Inc.    Thereafter, Defendants researched the correct locations to serve each of these entities and issued subpoenas to each entity on December 6, 2016, requesting that documents be provided by December 16, 2016.  The process articulated above was further complicated by the fact that the associate at Holland Hart assigned to this matter from its inception, Calder Huntington, left the firm on October 26, 2016, to take an in-house counsel position.

### 2. Plaintiff's View:

As will be discussed at the Case Management Conference, Plaintiffs believe Defendants have had sufficient time to request any documents needed pursuant to subpoena.  The parties had not previously discussed this issue until Plaintiffs were presented with a draft of the December 9, 2016, Case Management Report of December 6, 2016.

### V.    SUMMARY

While acknowledging a dispute as to one of the discovery items listed above, the parties submit that conclusion of the above discovery is the sole reason for their request for a limited extension of the discovery deadline in this matter.  The parties realize that given the winter holidays, it will most likely prove very difficult to conclude the above referenced discovery until after the new year.  For that reason, the parties respectfully request that discovery be extended by 45 days.

1
2
3
4
5
6

As a corollary to the limited discovery extension being sought, the parties also request that the current dispositive motion and proposed joint pretrial order deadlines be extended to accommodate the new proposed discovery cutoff.  The parties also request the Court set a deadline for the parties to move for decertification consistent with the dispositive motion deadline. Specifically, the parties request that the Court issue an order approving the following deadlines:

|  | Current deadline | Proposed Deadline |
|---|---|---|
| **Discovery Cutoff for the limited items address above** | December 16, 2016 | **January 30, 2017** |
| **Dispositive Motions** | January 16, 2017 | **March 1, 2017** |
| **Decertification** | not set | **March 1, 2017** |
| **Proposed Joint Pretrial Order** | February 15, 2017 | **March 31, 2017** |

7
8
9
10
11
12
13
14

RESPECTFULLY SUBMITTED.

15   Dated December 6th, 2016                    JONES LAW FIRM

16                                         By:     /s/ Charles A. Jones
17                                                Charles A. Jones
                                                Kelly McInerney
18                                              *Attorneys for Plaintiffs*

19   Dated December 6th, 2016                    HOLLAND & HART LLP

20                                         By:     /s/ Peter D. Navarro
21                                                Anthony L. Hall, Esq.
                                                Peter D. Navarro Esq.
22                                              *Attorneys for Defendants*

23
24
25
26
27
28