UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| ERNESTO AMADOR, et al., | Case No. 3:15-CV-0022-HDM (VPC) |
| Plaintiffs, | **ORDER** |
| v. | |
| BULLY'S SPORTS BAR & GRILL, et al., | |
| Defendants. | |

This discovery dispute concerns whether the defendants' eighteenth supplemental disclosure of witnesses should be stricken. The supplement identified nineteen new witnesses and was produced two days before the close of discovery. The procedural history of this case and the parties' discovery practices give context to the dispute.

**I.    Procedural History**

On January 16, 2015 – over two years ago – Plaintiff Ernesto Amador ("plaintiffs") filed a collective action on behalf of himself and all other similarly situated persons who are now and were employed by defendant Bully's Sports Bar & Grill, Inc. as salaried kitchen managers, salaried assistant kitchen managers, and salaried cooks (ECF No. 1). Over the course of litigation, plaintiffs filed three amended complaints (ECF Nos. 34, 72 & 98). The second amended complaint named Sharling "Jo" Sonner, the sole corporate owner of Bully's, as a defendant. Bully's and Ms. Sonner are collectively referred to as "defendants." On April 29, 2015, the District Court conditionally certified the action as a collective action pursuant to 29 U.S.C. § 216(b) and ordered that notice

and consent to join forms be sent to persons employed by Bully's in the above-referenced capacities since January 16, 2012 (ECF No. 50).

At this court's first case management conference in this matter on May 1, 2015 (ECF No. 57), the court adopted the parties' proposed discovery plan and scheduling order (ECF No. 55), which set the deadline for completion of discovery for December 1, 2015 (*Id.*). The court vacated the August 14, 2015 case management conference at the request of the parties, since there were no discovery disputes (ECF Nos. 59 & 60). However, one week later the parties submitted a stipulation to extend the discovery plan and scheduling order because they were engaged in private mediation (ECF No. 61). The court granted the extension on August 24, 2015, which provided a discovery cutoff of January 15, 2016 (ECF No. 62). Thereafter, the parties extended the discovery deadline again in November 2015 to March 22, 2016, but the court stated there would be "absolutely no further extensions of discovery" (ECF No. 66).

On January 13, 2016, five months later, the parties filed a joint request for confidential status conference with the District Court. (ECF No. 75). The District Court held a hearing on January 21, 2016, and stayed discovery and any additional pleadings until further order of the court (ECF No. 79). On May 2, 2016, the District Court lifted the stay (ECF No. 82), and this court set a case management conference for July 18, 2016 (ECF No. 83). Given the District Court's stay of discovery, this court approved an amended discovery plan and scheduling order, which set discovery to close on December 16, 2016 (ECF. No. 85).[1]

During the fall of 2016, the District Court entered judgment as to the Salaried Cook Subclass and FSLA Collective Action Group 2 pursuant to a notice of acceptance of defendants' Rule 68 offer of judgment (ECF No. 101), and it also approved the parties' stipulation allowing plaintiffs to filed a third amended complaint (ECF No. 97).

Apart from the period when the District Court stayed discovery, this court held regular case management conferences to oversee discovery to insure that the parties would complete discovery

---

[1]The two-year anniversary of the filing of the complaint was January 16, 2017.

by the December 16, 2016 deadline.  At the October 18, 2016 case management conference, the court approved the parties' request to extend initial and rebuttal expert witness reports to October 31, 2016 and November 30, 2016, respectively, but all other deadlines remained the same (ECF No. 105).  The parties asked to move the November case management to early December, and the court agreed to do so (ECF No. 109).

### A.     The Parties' Rule 26 Disclosures and Supplemental Disclosures

The parties exchanged initial Rules 26 disclosures in March 2015.  Plaintiffs served their initial disclosure of witnesses on March 26, 2015 and listed four general groups of witnesses that plaintiffs deemed were "likely to have discoverable information. . .that [plaintiffs] may use to support [their] claims or defenses. . . ." (ECF 117, Ex. A).  Those categories are as follows:

1. Every person who at any time during the relevant class period (three years prior to the date the complaint was filed) worked for Defendants, whether as a salaried Kitchen Manager, Assistant Kitchen Manager, salaried Cook, salaried General Manager, salaried Assistant General Manager or hourly paid employee.

2. Every salaried Kitchen Manager, Assistant Kitchen Manager and salaried Cook who worked for Defendants during the relevant class period.  These current and former employees are the most knowledgeable witnesses to testify about the tasks they performed, how much time they spent performing such tasks and the hours they worked.

3. Plaintiffs' supervisors as well as the supervisors of current and former salaried Kitchen Managers, Assistant Kitchen Managers and salaried Cooks, including district and/or regional managers.  These witnesses will have knowledge about Defendants' policies and practices and expectations regarding Defendants' sports bar locations.  The names and contact information of these witnesses are exclusively in the custody and control of Defendants.

4. All Witnesses identified by Defendants – Additional Witnesses with knowledge of Defendants' operating policies and procedures.

Plaintiffs supplemented their initial disclosure five times and most recently identified thirty-eight witnesses (ECF No.118-1, Ex. 4).

Defendants provided their initial disclosures on March 27, 2015, and identified forty-one percipient witnesses (ECF No. 118-1, Ex. 5).  Defendants supplemented their disclosures twenty-

3

three times (ECF No. 118-1; Ex. 6). It is undisputed that defendants never included references to plaintiffs' "catch-all" categories of witnesses in their Rule 26 disclosures identified above; rather, they always identified the names of each witness and, if known, their contact information (ECF No. 118-1, ¶ 5). Before defendants' disputed eighteenth supplemental disclosure, defendants included the names of new witnesses, or they updated contact information and/or positions held by prior witnesses (*Id.*) Defendants did so eight different times (*Id.*). Throughout discovery in this case, both parties conducted depositions of newly identified witnesses once the other party supplemented their Rule 26 disclosures (*Id.*).

### B.     The December 7, 2016 Case Management Conference

During the pendency of this case, it has been the custom and practice of counsel to meet and confer about discovery matters, to make sincere efforts to resolve discovery disputes – and if they could not – to outline their positions in case management reports and at monthly conferences so that the court could resolve the dispute. The obvious goal of this practice is to manage discovery efficiently and cost effectively, to resolve disputes quickly, and to insure the parties met their scheduling deadlines.

The pivotal case management conference occurred on December 7, 2016 (ECF No. 112). In anticipation of the case management conference, the parties submitted their joint case management report, which outlined the status of discovery, but also jointly requested that the December 16, 2016 discovery cut-off be extended for the purpose of completing the following: (1) to complete the continued depositions of plaintiffs Amador and Raudeles; (2) to take the depositions of defense witnesses Amy Mayo, Rosa Ibarra, and Gregorio Hernandez; (3) to allow plaintiffs to supplement their damage calculations after being able to review the supplemental time records produced by defendants; (4) to allow two final site inspections; and (5) to provide the parties with an opportunity to meet and confer about plaintiffs' pending responses to defendants' outstanding discovery requests, and, if needed, to seek resolution from the court (ECF No. 110 at p. 2).

4

The sole dispute in early December was whether defendants' subpoenas to third party witnesses could also be included in this additional two-week extension for limited discovery (*Id.*). Defendants reported that they had recently subpoenaed various employment records from plaintiffs and opt-in plaintiffs from local businesses, based on four depositions taken in October and one in early November (*Id.* at 6-7). Plaintiffs' position was that defendants had already had sufficient time to request documents pursuant to a subpoena; moreover, defendants had not raised this issue with plaintiffs until they presented a draft of the December 9, 2016 case management report three days prior (*Id.* at 7). The court construed plaintiffs' objection to the subpoenas as an oral motion to quash and granted the motion (ECF No. 112). However, the court did grant the limited extension until January 30, 2017, to compete the five categories of discovery described above. All other deadlines remained in place (*Id*). Defendants did not disclose to plaintiffs or the court their intention to supplement their witness list to add nineteen new witnesses two days before the December 16, 2016 discovery cut-off.

**C. Defendants' Supplemental Disclosure of Nineteen New Fact Witnesses Two Days Prior to the Close of Discovery – December 14, 2016**

Exactly one week after the December 7th case management conference, the defendants served plaintiffs with their eighteenth supplemental disclosure of witnesses on December 14, 2016, and identified nineteen new fact witnesses for first time (ECF No. 114, Ex. A). This was two days before the December 16, 2016 discovery deadline. Plaintiff requested an emergency case management conference (ECF No. 114), and one was held on January 17, 2017 (ECF No. 115).

Plaintiffs provided the court with the following chart, which details the dates of employment with defendants for eleven of the nineteen newly disclosed witnesses, according to their respective declarations, as well as the dates the declarations were signed:

| NEWLY DISCLOSED DECLARANT | EMPLOYMENT HISTORY WITH BULLY'S | DATE DECLARATION SIGNED |
|---|---|---|
| Efra Navarro | Current Cook. **Employed by Bully's since 2004**. | 10/27/2016 |

5

| Shannon Johnson | Current Bartender. **Employed by Bully's since 2008.** | 11/14/2016 |
| --- | --- | --- |
| Shannon Schmid | Current Bartender. **Employed by Bully's since 1999**. | 11/14/2016 |
| Ryan Broman | Current General Manager. **Employed by Bully's since November 2014**. | 11/14/2016 |
| Francisco Galarza Martinez | Current Cook. **Employed by Bully's since December 2005.** | 12/1/2016 |
| Roberto Galarza Martinez | Current Cook. **Employed by Bully's since April 2001**. | 12/1/2016 |
| Mark O'Driscoll | 16 year General Manager of CSM Bakery Solutions AKA Bakemark | 12/1/2016 |
| Derek Larson | Former General Manager. **Employed by Bully's from 2004-2006.** | 12/1/2016 |
| Alfredo Santiago Aparicio | Current Building and Maintenance Repair Person. **Employed by Bully's since 2007.** | 12/1/2016 |
| Yesenia Elizabeth Valle | Current Cook. **Employed by Bully's since June 2011.** | 12/1/2016 |
| Richard Jester | Former Human Resources Director. **Employed by Bully's as HR Director from 2015-2016.** | 12/13/2016 |

(ECF No. 114). As the chart reveals, all but two of the newly identified witnesses have been employees of Bully's for several years, well before plaintiffs filed their lawsuit in January 2015. Defendants characterize the remaining new fact witnesses as "[c]ategory 2 witnesses [who] were made known to both parties over the course of deposition testimony that occurred less than two months before the discovery deadline" (ECF No. 117, p. 8).

    The court construed plaintiffs' portion of the case management report as a motion to strike the witnesses pursuant to Fed.R.Civ.P. 37(C)(1) based on plaintiffs' contention that defendants failed to timely disclose the witnesses in violation of Fed.R.Civ.P. 26(a)(1)(A)(i) and 26(e)(1)(A) (*Id.*), ordered further briefing (ECF Nos. 117 & 118) and held oral argument for February 9, 2017 (ECF No. 119).   This order follows.

## II.     Legal Analysis and Discussion

At the outset of a civil lawsuit, Rule 26(a)(1)(A)(i) of the Federal Rules of Civil Procedure requires the parties to disclose the name of "each individual . . . that the disclosing party may use to support its claims or defenses[.]" Rule 26(e) requires the parties to timely supplement or correct initial Rule 26 disclosures, "if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing." Fed.R.Civ.P. 26(e)(1)(A). Although no specific time period is established for the duty to supplement, they are to be made in a timely manner. *R & R Sails, Inc. v. Insurance Co. of Pennsylvania*, 673 F.3d 1240, 1246 (9th Cir. 2012). The purpose of Rule 26(e) is to prevent an "end run" by one party who produces new evidence or witnesses, which results in prejudice to the other party. This court observes that "timeliness" depends upon the circumstances of each case.

A party who violates Rule 26 may be subject to sanctions pursuant to Fed.R.Civ.P. 37(c). Sanctions are not limited to initial disclosure violations, but may be based upon a party's failure to supplement its prior discovery responses. *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001). Rule 37(c)(1) provides, "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing or at trial, unless the failure was substantially justified or is harmless."

Defendants justify their failure to disclose the nineteen fact witnesses until two days before the close discovery for two reasons. First, they argue that because plaintiffs included a "catch-all" of the four categories of percipient witnesses, the defendants are entitled to rely on those categories. However, it is undisputed that at no time did defendants ever include references to these "catch-all" categories of witnesses in their Rule 26 disclosures and supplements (ECF No.118-1, ¶ 5).[2] Instead, defendants and plaintiffs alike included the names of their witnesses in

---

[2] *See, e.g., Benjamin v. B&H Education, Inc.*, 2015 WL 6164891, at *2 (N.D. Cal. Oct. 16, 2015) (the court characterized as "ridiculous" the notion that a "catch-all reference" to current and former

7

their Rule 26 disclosures and supplements and then engaged in deposition discovery as witnesses were identified (*Id.*). More troubling is that neither prior to nor during the December case management conference, did the defendants tell the plaintiffs or the court that they intended to disclose nineteen new fact witnesses two days before the discovery cut-off. Until December 14, 2016, defendants never disclosed to plaintiffs or the court their view that they were not required to identify their trial witnesses by name because the plaintiffs used "catch-all" categories of witnesses (*Id.* at ¶ 6). The record is clear: the plaintiffs and the court were under the impression that there would be a very limited extension of discovery to complete the five agreed-upon tasks outlined in the case management report, and the only remaining dispute concerned the tardily served third party subpoenas, which the court quashed.

Second, defendants contend that because the majority of the nineteen witnesses that defendants identified on December 14, 2016, were disclosed in defendants' responses to written discovery and during depositions, plaintiffs were on notice that these witnesses might be named. Courts have found otherwise. *In Benjamin v. B&H Education, Inc.*, 2015 WL 6164891, at *2 the court found the mere mention of a witness's first name in response to interrogatories was not enough to alert defendants that this person would be called as a trial witness. Other courts are in accord. *See Lujan v. Cabana Mgmt., Inc*. 284 F.R.D 50, 72-73 (E.D.N.Y. 2012) (the mere mention of a names in a deposition ore interrogatory response is insufficient to satisfy Rule 26(a)(1)(A)(i)); *Kullman v. N.Y.*, No. 07-CV-716 (GLS.DRH) 2009 WL 1562840, at *6-8 (N.D.N.Y. May 20, 2009) (precluding plaintiffs from calling witness who was not identified as a potential witness even though the name had been mentioned in discovery and plaintiffs' counsel issued, and then withdrew, a notice of deposition for that witness). The court finds that defendants have not demonstrated that their decision to disclose nineteen witnesses on the eve of the discovery cut-off is substantially justified under either argument.

---

student-employees at a beauty school allowed plaintiffs to submit declarations of undisclosed witnesses in support of a summary judgment motion.)

Neither can defendants' Rule 26 supplementation of these witnesses at the eleventh hour of the discovery deadline be described as harmless. Defendants well knew that the disclosure of nineteen new fact witnesses two days before the discovery cut-off meant that plaintiffs would be prevented from taking any depositions absent an extension of discovery. Based on the court's repeated admonitions that there would be no extensions of discovery, defendants knew no such extensions would be granted. Finally, based on their conduct throughout discovery, the parties demonstrated their understanding that the court expected the parties to raise and resolve discovery disputes so the parties could complete their work. The defendants' end-run has resulted in extreme prejudice to plaintiffs.

### III. Conclusion

The court finds that defendants' disclosure of nineteen new witnesses two days before the discovery cut-off was neither substantially justified or harmless. Pursuant to Fed.R.Civ.P. 37(c), plaintiffs' motion to strike defendants' eighteenth supplemental disclosure is **GRANTED**.

IT IS SO ORDERED.

DATED: February 15, 2017.

_____
VALERIE P. COOKE
UNITED STATES MAGISTRATE JUDGE