1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Charles A. Jones, Esq., SBN 6698
Kelly McInerney, Esq., SBN 7443
JONES LAW FIRM
9585 Prototype Court, Suite B
Reno, Nevada 89521
Telephone: (775) 853-6440
Facsimile: (775) 853-6445
Caj@cjoneslawfirm.com
Kelly@cjoneslawfirm.com

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| ERNESTO AMADOR, LUIS ANGUIANO, and JUAN CARLOS MARTINEZ as individuals, and on behalf of all others similarly situated<br><br>Plaintiffs,<br><br>v.<br><br>BULLY'S SPORTS BAR & GRILL, INC., a Nevada Corporation, and SHARLING "JO" SONNER, an individual.<br><br>Defendants. | Case No. 3:15-cv-00022-HDM-VCP<br><br>**PLAINTIFFS' OPPOSITION TO DEFENDANTS' OBJECTIONS TO MAGISTRATE JUDGE'S RULING AND REQUEST FOR RECONSIDERATION** |

# TABLE OF CONTENTS

Table of Contents ................................................................................................. i

Table of Authorities.......................................................................................ii-iii

I.    INTRODUCTION..................................................................................... 1

II.   DEFENDANTS FAILED TO PROVIDE THIS COURT WITH COMPLETE
      COPIES OF THE HEARING TRANSCRIPTS............................................. 3

III.  EVIDENCE SUPPORTING THE ORDER ................................................. 4

IV.   LEGAL STANDARD ................................................................................ 6

      A.    This Order is Non-Dispositive......................................................... 7

V.    IT WOULD BE IMPROPER TO NOW CONSIDER NEW ARGUMENTS
      AND EVIDENCE NOT PRESENTED TO MAGISTRATE COOK ............... 8

      A.    Defendants' Ever Changing Arguments Still Don't Support Their
            Failure to Timely Disclose the Witnesses at Issue ........................... 11

VI.   MAGISTRATE COOK'S ORDER IS NEITHER CONTRARY TO LAW
      NOR CLEARLY ERRONEOUS ............................................................... 14

      A.    Magistrate Cook Did Not Improperly Shift the Burden to Defendants........... 14

      B.    Defendants Understate the Importance of the December 7, 2016
            Case Management Conference ....................................................... 16

      C.    Magistrate Cook Considered the Five Factor Test and Less Drastic
            Sanctions....................................................................................... 17

      D.    A Finding of Willfulness, Fault, or Bad Faith is Not Required....................... 19

      E.    The Magistrate Did Not Misapply Applicable Case Law................................ 20

      F.    The Doctrines of Equitable and Judicial Estoppel Do Not Apply ................. 22

      G.    Magistrate Cook Appropriately Struck Both Categories of Witnesses........... 23

VII.  CONCLUSION...................................................................................... 23

# TABLE OF AUTHORITIES

**FEDERAL CASES**

*26 Beverly Glen, LLC v. Wykoff Newberg Corp.*
    2007 WL 1560330 (D. Nev. May 24, 2007) ................................................ 6, 7

*Benjamin v. B & H Educ., Inc.*
    2015 WL 6164891 (N.D. Cal. Oct. 16, 2015) ................................................ *Passim*

*Bkan v. Hospitals, Inc.*
    929 F.2d 1404, 1414 (9th Cir. 1991) ................................................ 10

*Burdick v. Comm'r IRS*
    979 F.2d 1369, 1370 (9th Cir. 1992) ................................................ 7

*Columbia Pictures, Inc. v. Bunnell*
    245 F.R.D. 443, 446 (C.D. Cal. 2007) ................................................ 7

*Grimes v. City and County of San Francisco*
    951 F.2d 236, 240-241 (9th Cir. 1991) ................................................ 7, 8, 17

*Hightower v. JP Morgan Chase*
    2012 WL 12878312 (C.D. Cal. Sept. 28, 2012) ................................................ 4

*Jones v. Sweeney*
    2008 WL 3892111 (E.D. Cal. Aug. 21, 2008) ................................................ 4

*Kirby v. Homax Prod., Inc.*
    2007 WL 2600838 ................................................ 21, 22

*Kullman v. N.Y.*
    2009 WL 1562840 (N.D.N.Y. May 20, 2009) ................................................ 1, 20, 21

*Kwasniewski v. Sanofi-Aventis U.S., LLC*
    *2013* WL 5836244  (D. Nev. Oct. 29, 2013) ................................................ 6, 7, 17

*Laxalt v. McClatchy*
    602 F. Supp. 214, 216, 217 (D. Nev. 1985) ................................................ 6, 7

*Lujan v. Cabana Mgmt., Inc.*
    284 F.R.D. 50, 72-73 (E.D.N.Y. 2012) ................................................ *passim*

*Maisonville v. F2 Am., Inc.*
    902 F.2d 746, 748 (9th Cir. 1990) ................................................ 8

*Manley v. Zimmer*
   2014 WL 4471662 (D. Nev. Sept. 10, 2014).............................................7

*Northwest Acceptance Corp. v. Lynnwood Equip., Inc.*
   841 F.2d 918, 925-26 (9th Cir. 1988).....................................................10

*Paddington Partners v. Bouchard*
   34 F.3d 1132, 1137-38 (2nd Cir. 1994) ....................................................9

*Paramount Pictures Corporatione et al., Plaintiff v. Replay TV, et al., Defendants*
   2002 WL 32151632 (C.D. Cal. May 30, 2002)........................................10

*Rosenfeld v. United States Dep't of Justice*
   57 F.3d 803, 811 (9th Cir. 1995)............................................................10

*R & R Sails, Inc. v. Ins. Co. of Pennsylvania*
   673 F.3d 1240, 1247 (9th Cir. 2012) ................................................19, 21

*United States v. BNS, Inc.*
   858 F.2d 456, 464 (9th Cir. 1988)............................................................7

*United States v. U.S. Gypsum Co.*
   333 U.S. 364, 395 (1948) .........................................................................7

*Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*
   259 F.3d 1101, 1106-1107, (9th Cir. 2001)..................................15, 19, 21

*Zimmerman v. City of Oakland*
   255 F.3d 734, 740 (9th Cir. 2001)..........................................................10

**RULES AND STATUTES**

Fed. R. Civ. P. Rule 26...................................................................1, 20

Fed. R. Civ. P. Rule 37...........................................................................1

Fed. R. Civ. P. Rule 72.......................................................................6, 10

28 U.S.C.§ 636 .......................................................................................6

## I.    INTRODUCTION

Defendants seek reconsideration of Magistrate Cook's February 15, 2017 Order (ECF NO. 122) striking nineteen new witnesses identified for the first time two days before the close of discovery in Defendants' Eighteenth Supplemental Rule 26 Disclosures (ECF NO.114-1) pursuant to Fed. R. Civ. P. Rule 37(C)(1) based on Defendants' failure to timely disclose these new witnesses in violation of Fed. R. Civ. P. 26(a)(1)(A)(i) and 26 (e)(1)(A).   In the proceedings before Magistrate Cook, the parties submitted voluminous briefing on this issue (62 pages) and attended two separate hearings on this matter.   The first hearing was conducted on January 17, 2017, and the second hearing was conducted on February 9, 2017.   In total, the transcripts from these two hearings total 87 pages.

The issue before this Court is not as complicated as Defendants would suggest.   Two days before the close of discovery in this collective action that has been pending for over two years, Defendants identified nineteen new witnesses in their Rule 26 disclosures who had not previously been disclosed to Plaintiffs.   Pursuant to the Magistrate's instructions regarding the handling of discovery disputes, the parties presented their respective positions to Magistrate Cook in a Joint Case Management Conference Statement.   See, ECF NO. 114.   Defendants' primary argument in that briefing was that they were not required to include the witnesses in their Rule 26 disclosures because some of the names of the new witnesses were mentioned during depositions or in the voluminous documents (over 7,000 pages) produced during the course of discovery.   *Id* at p. 18-20. However, the cases cited by Plaintiffs categorically refuted Defendants' argument holding that the mere mention of a witnesses name in deposition or in discovery documents is insufficient to satisfy Rule 26's disclosure requirements.   *Id.* at p. 4, citing *Benjamin v. B & H Educ., Inc.*, 2015 WL 6164891, at *2 [N.D. Cal. Oct. 16, 2015); *Lujan v. Cabana Mgmt., Inc.*, 284 F.R.D. 50, 72–73 (E.D.N.Y. 2012); and *Kullman v. N.Y.,* 2009 WL 1562840, at *6–8 (N.D.N.Y. May 20, 2009).   At

the first hearing, Magistrate Cook allowed Defendants to file a supplemental brief addressing the impact of these cases on their arguments. See, Ex. B, 1/17/17 Transcript p. 11:15-22.

When Defendants filed their supplemental brief (ECF NO. 117) they raised entirely new arguments.  Specifically, Defendants argued that the disclosure of these nineteen new witnesses was not necessary because Plaintiffs included a "catch-all" provision in their initial Rule 26 disclosures stating that other employees with whom the class members worked may have knowledge regarding the claims alleged in this case but that the identities of these individuals were in the exclusive custody of the Defendants. See, ECF NO 122 at p. 3.  Defendants also argued that their delay was justified because the parties somehow agreed that all of Bully's current and former employees "General Managers, Assistant General Managers, Kitchen Managers, and Cooks would comprise the world of trial witnesses as to the claims and defenses in this matter." See, ECF NO. 117 at 19.  In response to this new argument, Plaintiffs again cited to case law categorically refuting Defendants new arguments.  See, ECF NO. 118 at p. 3-7.  During the second lengthy hearing conducted on February 9, 2017, Magistrate Cook denied this argument and excluded the witnesses pursuant to Rule 37(c)(1).

Defendants then filed the instant Motion for Reconsideration, changing their arguments for a third time.  In an attempt to pound a square peg into a round hole, Defendants completely misrepresent both the mediation and proposed settlement (which was unilaterally cancelled by Defendants after acceptance, briefing and a hearing before this Court) as well as the deposition testimony from the Plaintiffs both prior to and subsequent to the parties' failed mediation.  In the instant Motion Defendants improperly attempt to introduce new evidence that was not presented to Magistrate Cook in order to put a fresh new spin on their arguments.  For example, Defendants now attempt to introduce new evidence to substantiate their claim that they had "no cause" to interview the new witnesses because, post-mediation through the deposition of Plaintiff Anguiano

conducted in August of 2016, they discovered for the first time that (a) the Plaintiffs were lying during deposition, and (b) interviews of subordinate employee cooks refuted the Plaintiffs' deposition testimony. See, ECF NO. 129 at p. 4-9. However, a review of Defendants' July 7, 2016 Case Management Conference Statement (ECF NO. 84) puts the lie to both of these claims. In the July CMC statement, which was filed post-stay and before the Deposition of Plaintiff Anguiano, Defendants accused the Plaintiffs of having credibility problems and represented to the Court that, as of that date, interviews of non-party cooks allegedly refuted the pre-mediation testimony from the Plaintiffs. See, ECF NO. 84 at p. 16:16-20, 19:7-25. The importance of the admissions made by Defendants in their July 2016 CMC statement cannot be understated as they completely contradict Defendants' new arguments.

Nevertheless, as set forth below in Section V, this Court cannot consider the new evidence cited in Defendants' Motion for reconsideration because the evidence was not presented to Magistrate Cook. In addition, Defendants failed to provide this Court with the complete hearing transcripts from this case. A review of these transcripts demonstrates that the Magistrate's Order was neither contrary to law nor clearly erroneous. As a result, Defendants' Motion for Reconsideration must be denied.

## II.    DEFENDANTS FAILED TO PROVIDE THIS COURT WITH COMPLETE COPIES OF THE HEARING TRANSCRIPTS

Tellingly, Defendants failed to provide this Court with the complete hearing transcripts from either of the two hearings and instead only provided this Court with a select few pages from the hearings. The pages of the hearing transcripts that Defendants did not bother to provide to this Court refute the vast majority of the arguments raised by Defendants in their Motion for Reconsideration. For example, Defendants claim that Magistrate Cook's Order was contrary to law because the Order failed to address the five part test used in the Ninth Circuit in considering whether to impose sanctions under Rule 37 and also because the Magistrate failed to consider less

drastic sanctions.  See, ECF NO. 129 at p. 27.  However, the hearing transcripts refute this claim as they conclusively establish that the Magistrate and the parties discussed the five factor test in great detail, as well as the availability of less drastic sanctions  See, Ex, A, Feb. Tran. at p. 40:3-54:13, 59:11-63:14, 64:6-65:1.  In fact, the discussion of these issues comprised 20 pages of the 68 pages from the hearing on February 9, 2017.

Plaintiffs attach complete copies of these transcripts as Exhibits A and B because the two hearing transcripts are necessary in order to allow this Court to understand the nature of this dispute, the conduct of the parties throughout discovery, the arguments made before the Magistrate and the context of the Magistrate's Order.  In their 32 page Motion for Reconsideration, **filed in violation of the page limit requirements** set forth in L.R. 7-3, Defendants largely base their Motion on <u>new</u> arguments and <u>new</u> evidence that was never raised before Magistrate Cook.  As set forth below, this is improper and it is well established that this Court cannot consider new arguments and new evidence not considered by the Magistrate.  *Hightower v. JP Morgan Chase*, 2012 WL 12878312, at *3 (C.D. Cal. Sept. 28, 2012); *Jones v. Sweeney*, 2008 WL 3892111, at *2 (E.D. Cal. Aug. 21, 2008).  For example, in the proceedings below Defendants failed to provide a declaration of counsel to substantiate any of their allegations.  Judge Cook questioned Defendants on this failure and repeatedly told them it was "too late" to do so after the hearing. Ex. A, p. 26:24-27:14.  In violation of her instructions and the rules prohibiting the introduction of evidence and argument not provided to the Magistrate, Defendants now improperly attempt to introduce the declaration of Anthony Hall and a host of additional evidence to support their claims.

## III.   EVIDENCE SUPPORTING THE ORDER

Magistrate Cook's Order, as well as the hearing transcripts, set forth in great detail the procedural history of this case as well as her factual findings which lead to the imposition of sanctions under Rule 37 for Defendants' eleventh hour disclosure of **nineteen** new witnesses two

1    days before the close of discovery, thus preventing Plaintiffs from deposing or otherwise

2    conducting discovery regarding these witnesses.

3         The following findings from Magistrate Cook's Order support the exclusion of the

4    witnesses at issue:

5

6         (1) as of the time of the hearing this case had been pending for over two years;

7         (2) during the course of this case Magistrate Cook repeatedly informed the parties that no
          further extensions of the discovery cut-off date would be granted (ECF NOS 62 at p. 4; and

8         64 at p. 7);

9         (3) the Magistrate held regular case management conferences to ensure that the parties
          would complete discovery by the December 16, 2016 deadline (ECF NO. 122 p. 2-3);

10

11        (4) Defendants identified 41 percipient witnesses by name in their original Rule 26
          disclosures and, before the supplemental disclosure at issue, Defendants included the names

12        of new witnesses or updated the contact information for their original witnesses on eight
          different occasions (*Id.* at p. 4);

13

14        (5) Plaintiffs also identified witnesses by name in their Rule 26 disclosures. (*Id.* at p. 3);

15        (6) throughout discovery in this case, both parties conducted depositions of newly identified
          witnesses once the other party supplemented their Rule 26 disclosures by identifying the

16        names of the newly identified witnesses (*Id.*);

17        (7) Defendants never included references to "catch-all" categories of witnesses in their
          Rule 26 disclosures and instead always identified the names of their witnesses in their

18        disclosures (*Id.)*;

19

20        (8) both parties included the names of their witnesses in their Rule 26 disclosures and
          supplements (*Id.* at 7);

21        (9) during the "pivotal" December 7, 2016 Case Management Conference, Defendants did

22        not disclose to plaintiffs or the Magistrate their intention to supplement their witness list to
          add nineteen new witnesses two days before the discovery cut-off date of December 16,

23        2016 (*Id.* at p. 4-5);

24        (10) the evidence provided by Plaintiffs demonstrates that the overwhelming majority of the
          newly added witnesses had been employed by Defendants for years and well before

25        Plaintiffs filed this lawsuit in January of 2015 (*Id.* at 6);

26        (11) until December 14, 2016 (two days before the discovery cut-off date) Defendants

27        never informed Plaintiffs or the Magistrate of their view that they were not required to

28

identify their witnesses by name because Plaintiffs used "catch-all" categories of witnesses (*Id.* at 8); and

(12) the mere mention of a witnesses name in deposition, or a "catch-all" references to un-named witnesses in an Interrogatory response does not comply with Rule 26's disclosure requirements because it does not alert the opposing party that a person will be called as a trial witness (*Id.* at 8).

Based on this evidence the Court found that Defendants' eleventh hour disclosure of nineteen new witnesses two days before the discovery cut-off date was untimely under Rule 26 and that Defendants' failure to do so was neither justified nor harmless. Specifically, the Magistrate found that "defendants have not demonstrated that their decision to disclose nineteen witnesses on the eve of the discovery cut off is substantially justified…" *Id.* Instead, the Court specifically found that "Defendants well knew that the disclosure of nineteen new fact witnesses two days before the discovery cut-off date meant that plaintiffs would be prevented from taking any depositions absent an extension of discovery. Based on the court's repeated admonitions that there would be no extensions of discovery, defendants **knew no such extensions would be granted."** (*Id.* at 9 [emphasis added]). Finally, the Court held that "defendants' end-run has resulted in extreme prejudice to plaintiffs." *Id.*

From this detailed record Defendants cannot establish that Magistrate Cook's Order was either contrary to law or clearly erroneous. Nor would it be appropriate for this Court to substitute its own judgment for that of Magistrate Cook.

## IV. LEGAL STANDARD

It is well settled that a non-dispositive order entered by a Magistrate Judge, such as the Order at issue here, must be deferred to unless it is clearly erroneous or contrary to law. Fed.R.Civ.P. 72(a); LR IB 3–1(a); 28 U.S.C. § 636(b)(1)(A); *Laxalt v. McClatchy,* 602 F.Supp. 214, 216 (D.Nev.1985); *26 Beverly Glen, LLC v. Wykoff Newberg Corp.*, 2007 WL 1560330, at *2 (D. Nev. May 24, 2007); *Kwasniewski v. Sanofi-Aventis U.S., LLC*, 2013 WL 5836244, at *1 (D.

Nev. Oct. 29, 2013); See, *Grimes v. City and County of San Francisco,* 951 F.2d 236, 241 (9th Cir.1991) [discovery sanctions are non-dispositive pretrial matters that are reviewed for clear error]. A Magistrate Judge's order is "clearly erroneous" if the court has "a definite and firm conviction that a mistake has been committed." *See United States v. U.S. Gypsum Co.,* 333 U.S. 364, 395 (1948); *Burdick v. Comm'r IRS,* 979 F.2d 1369, 1370 (9th Cir.1992); *Kwasniewski,* 2013 WL 5836244, at *1; *Laxalt,* 602 F. Supp. at 217; *26 Beverly Glen,* 2007 WL 1560330, at *2.

However, when reviewing non-dispositive orders regarding discovery related matters, such as the Order at issue here, the magistrate judge "is afforded broad discretion, which will be overruled only if abused." *Columbia Pictures, Inc. v. Bunnell,* 245 F.R.D. 443, 446 (C.D.Cal.2007); *Kwasniewski,* 2013 WL 5836244, at *1. The district judge "may not simply substitute its judgment" for that of the magistrate judge. *Grimes,* 951 F.2d at 241(citing *United States v. BNS, Inc.,* 858 F.2d 456, 464 (9th Cir.1988); *Kwasniewski,* 2013 WL 5836244, at *1. The "clearly erroneous" standard applies to the Magistrate Judge's factual findings and discretionary decisions while the "contrary to law" standard applies to the Magistrate Judge's legal conclusions. *Grimes,* 951 F.2d at 240. Under the contrary to law standard, the Court conducts a *de novo* review of the Magistrate Judge's legal conclusions. *Id.* at 241. An order is contrary to law when it fails to apply or misapplies relevant statutes, case law, or rules of procedure. *Manley v. Zimmer*, 2014 WL 4471662, at *4 (D. Nev. Sept. 10, 2014). As set forth in detail below, Magistrate Cook's Order is neither clearly erroneous nor contrary to law, and therefore should not be reconsidered.

## A.   The Order Is Non-Dispositive

As an initial matter, Defendants incorrectly allege that the Magistrate exceeded her statutory authority because, according to Defendants' argument, this was a dispositive order. See, ECF NO. 129 at p. 27. This argument lacks merit. The Order at issue is clearly a non-dispositive Order regarding a discovery related matter – the untimely disclosure of witnesses in violation of

Rule 26 — and not a dispositive ruling.  First, Fed. R. Civ. P. 72 (a) defines non-dispositive matters as those "pretrial matter [s] not dispositive of a claim or defense of a party."  Second, 28 U.S.C. §636(b)(1)(A) lists those motions which may <u>not</u> be determined by a Magistrate Judge.  Notably, motions for sanctions under Rule 37 for violations of Rule 26 are <u>not</u> included within this list.  In *Maisonville v. F2 Am., Inc.*, 902 F.2d 746, 748 (9th Cir. 1990), the very case incorrectly relied upon by Defendants to support its argument, the Ninth Circuit confirmed that "[A]ccordingly, any motion not listed, nor analogous to a motion listed in this category, falls within the non-dispositive group of matters which a magistrate may determine."  Finally, approximately one year after *Maisonville* was decided, in *Grimes*, 951 F.2d at 240-241, the Ninth Circuit confirmed that Magistrate Judges posses the authority to issue discovery related sanction under Rule 37 and that such sanctions are considered <u>non-dispositive</u> pretrial matters.

Nor can Defendants legitimately argue that the Order is tantamount to a dispositive ruling on a claim or defense or akin to the dismissal of a claim. See, ECF NO. 129 at p. 27.  As Plaintiffs pointed out at the hearing, this is not a situation where Defendants are left with no witnesses to support their claims or defenses. Ex. A, 60:9-24. To the contrary, even without the 19 witnesses at issue, Defendants can still rely upon the testimony of the other fifty-one (51) witnesses who were timely disclosed by Defendants in their Rule 26 disclosures.  See, ECF NO. 114-1 at p.3-14 (Defendants' Eighteenth supplemental Rule 26 disclosure).[1]

## V.   IT WOULD BE IMPROPER TO NOW CONSIDER NEW ARGUMENTS AND EVIDENCE NOT PRESENTED TO MAGISTRATE COOK

In the proceedings before the Magistrate Defendants submitted a total of 36 pages of briefing on this issue. See, ECF NOS. 114 and 117.  However, Defendants failed to provide the

---

[1] Defendants argue that the Order is "akin" to a dispositive motion because it affects their ability to move for decertification of the class.  Under this faulty reasoning, every single discovery ruling issued in a class or collective action could be considered as dispositive.  The fact that Defendants chose to mislead Plaintiffs and the Magistrate and wait until two days before the discovery cut-off date to sandbag the Plaintiffs with their allegedly "pivotal" new witnesses does not somehow morph the Magistrate's discovery Order into a dispositive ruling.

PLAINTIFFS' OPPOSITION TO DEFENDANTS' OBJECTIONS TO MAGISTRATE JUDGE'S RULING AND REQUEST FOR RECONSIDERATION

Magistrate with any evidence, *i.e.*, a declaration from counsel attempting to justify their delay in disclosing these witnesses, explaining when the 19 witnesses at issue were interviewed, or even when Defendants became aware that they would rely on the new witnesses' testimony to support their claims in this case. See, ECF NO. 118 at p. 13.  In fact, the only evidence submitted by Defendants on this point was their <u>admission</u> that as of July of 2016 (five months before the discovery cut-off date) Defendants began interviewing additional witnesses to support their claims. *Id*.  The Defendants' lack of actual evidence such as a declaration from counsel to support their arguments was brought up both by the Magistrate and Plaintiffs during oral argument of this matter. See, Ex. A, p. 25:16-. 27:14, 61:4-17.

Now, when moving for reconsideration, Defendants seek to introduce <u>new</u> evidence and <u>new</u> arguments that were <u>not</u> presented to Magistrate Cook in order to bolster their claim that they interviewed new witnesses due to an alleged post-mediation shift in the deposition testimony by the Plaintiffs.  See, ECF NO. 129.  This is improper. Although this argument was not raised by Defendants in any of the briefing submitted to Judge Cook (See, ECF NOS. 114 and 117), this argument was made by Defendants during the February hearing and clearly rejected by Judge Cook.   See, Ex. A, p. 38:15-42:10, 44:11-48:17, 60:9-24, 63:2-14.  After Judge Cook already rejected these arguments, Defendants now seek to introduce new declarations and deposition testimony not submitted to Magistrate Cook.  However, it is well established that a district court reviewing a Magistrate Judge's order may not consider new evidence or arguments not raised before the magistrate. *Hightower v. JP Morgan Chase*, 2012 WL 12878312, at *3 (C.D. Cal. Sept. 28, 2012); *Jones v. Sweeney*, 2008 WL 3892111, at *2 (E.D. Cal. Aug. 21, 2008)["Motions for reconsideration and objections to a Magistrate Judge's order are not the place for a party to make a new argument and raise facts not addressed in his original brief."]; *Paddington Partners v. Bouchard*, 34 F.3d 1132, 1137-38 (2nd Cir. 1994) ["In objecting to a magistrate's report before the

PLAINTIFFS' OPPOSITION TO DEFENDANTS' OBJECTIONS TO MAGISTRATE JUDGE'S RULING
AND REQUEST FOR RECONSIDERATION

district court, a party has no right to present further testimony when it offers no justification for not offering the testimony at the hearing before the magistrate."]; *See Zimmerman v. City of Oakland,* 255 F.3d 734, 740 (9th Cir.2001); *Rosenfeld v. United States Dep't of Justice,* 57 F.3d 803, 811 (9th Cir.1995); *Northwest Acceptance Corp. v. Lynnwood Equip., Inc.,* 841 F.2d 918, 925-26 (9th Cir.1988).

In *Paramount Pictures Corporatione et al., Plaintiff, v. Replay TV, et al., Defendants.,* 2002 WL 32151632, at *1 (C.D. Cal. May 30, 2002), the district court refused to consider a declaration that was neither considered by, or even presented to, the Magistrate Judge in connection with a motion for reconsideration of the Magistrate Judge's Order.  In doing so, the Court ruled that:

> This Court's function, on a motion for review of a magistrate judge's discovery orders, is not to decide what decision this Court would have reached on its own, nor to determine what is the best possible result considering all available evidence. It is to decide whether the Magistrate Judge, based on the evidence and information before him, rendered a decision that was clearly erroneous or contrary to law, *Bkan v. Hospitals, Inc.,* (9th Cir. 1991) 929 F.2d, 1404, 1414; F.R.C.P. 72(a); 28 USC §636(b)(1)(A). Therefore, parties objecting to a magistrate judge's order may not present affidavits containing evidence not presented below. *Id.*

In the instant case, this Court should not consider the following evidence cited by Defendants for the first time in their moving papers because the evidence was <u>not</u> presented to Magistrate Judge Cook: (1) Declaration of Anthony Hall (ECF NO. 129-1); (2) deposition excerpts from the deposition of Luis Angiano (ECF NO. 129-3); (3) deposition excerpts from the deposition of Demetrio Gonzalez (ECF NO. 129-4); (4)  deposition excerpts from the deposition of Juan Carlos Martinez (ECF NO. 129-5); (5) deposition excerpts from the deposition of Martha Barajas (ECF NO. 129-6); (6) declaration of Calder Huntington (ECF NO. 129-8); and (7) Plaintiffs' Third Supplemental Rule 26 Disclosures (ECF NO. 129-9).  This evidence is being presented to "put more meat on the bone" of Defendants' argument, already rejected by Judge Cook, that their failure to timely disclose the nineteen new witnesses was justified due to an alleged shift in the testimony of the Plaintiffs post mediation.  However, as the cases cited above make clear, the new

evidence and new arguments advanced by Defendants should have been raised before Magistrate Cook, not on a Motion for Reconsideration.  As discussed below, Defendants new spin on their old arguments are contradicted by representations made to the Court in their July 2016 CMC statement.

**A.      Defendants' Ever Changing Arguments Still Don't Support Their Failure To Timely Disclose The Witnesses At Issue**

A review of the entire hearing transcript on this matter, not just the select few pages submitted by Defendants, reveals that the Magistrate already considered Defendants' argument that they were somehow justified in waiting to disclose the nineteen new witnesses because they had no "cause" to interview additional witnesses until after an alleged post-mediation shift in the testimony by the Plaintiffs. See, Ex. A, in its entirety.

As set forth above in Section I, Defendants' arguments have changed dramatically since this issue was originally briefed before Magistrate Cook.  Defendants' shifting arguments demonstrate that they are still struggling to come up with a remotely palatable justification for sandbagging Plaintiffs with their eleventh hour disclosure identifying nineteen new witnesses two days before the discovery cut-off date.  Of course, Defendants will never admit the obvious, as Magistrate Cook found, that they waited to disclose these witnesses until two days before the close of discovery because they <u>knew</u> that Magistrate Cook would not extend the discovery cut-off date further, thereby preventing Plaintiff from deposing any of these witnesses.  See, ECF NO. 122 at p. 8-9; Ex. A, in its entirety.

For example, during the oral argument on February 9, 2017, Defendants conceded that <u>none</u> of the names of the 19 witnesses at issue had ever been disclosed, by either party, in their Rule 26 disclosures until two days before the discovery cut-off date.  Ex. A, p. 20:4-21, 21:4-24. Additionally, the evidence presented by Plaintiffs before the Magistrate, and the Declaration of Charles Jones, categorically refuted Defendants' contention that there was some mythical

"agreement" that all of Defendants current and former employees would comprise the "world of trail witnesses" in this case.  See, ECF NO. 118-1 at ¶¶5-7.   Additionally, Magistrate Cook made clear on a number of occasions that she was not buying into Defendants' argument that "catch-all" references to witnesses, as opposed to identifying the witnesses by name, was sufficient under Rule 26 (Ex. A, p. 28:2-29:2, 30:17-25, 36:1-3, 48:21-49:2) and that this case was similar to *Benjamin v. B & H Educ., Inc.*, 2015 WL 6164891, at *2 [N.D. Cal. Oct. 16, 2015), cited by Plaintiffs in their briefs. *Id.* at 41:18-42:7.

Magistrate Cook found Defendants' "catch-all" argument to be a horse that was "quite dead" and that there was therefore no further point in flogging that horse. Ex. A, p. 48:6-49:5. Defendants now attempt to ride yet another horse.  Now, Defendants seek to introduce new evidence in order to put a fresh new spin on their claim that they were justified in waiting to disclose these witnesses due to alleged post-mediation changes in the plaintiffs' deposition testimony. See, ECF NO. 129 at 5.

Defendants begin by incorrectly alleging that they agreed to mediation because three of the Plaintiffs acknowledged to having job responsibilities consistent with their exempt classification in their depositions.  ECF NO. 129 at p. 3-4.  Tellingly, Defendants fail to cite to the deposition testimony from these three plaintiffs in their Motion for Reconsideration to support their claims and instead rely solely on the declaration of Mr. Hall.  However, the hearsay statements contained in Mr. Hall's declaration (ECF NO. 129-1 at ¶5) inaccurately characterizing the Plaintiffs' testimony are not evidence.  They are inadmissible hearsay statements and are arguments of counsel, plain and simple. If Defendants had actual evidence to support these claims they should have presented to Magistrate Cook.[2]

---

[2] In making this false argument Defendants are attempting to imply that the original settlement, which Defendants unilaterally revoked, was favorable to Defendants.  As the specifics of the proposed settlement are sealed, Plaintiffs will not delve into the terms of the Settlement.  However,

Defendants now argue that they "had no cause to interview" the nineteen new witnesses at issue until after the nature of Plaintiffs testimony allegedly began to change beginning in August of 2016. See, ECF NO. 129 at p. 9.  This argument is remarkable for several reasons.  First, many of the witnesses that Defendants are referring to are subordinate employee cooks who worked directly underneath the named Plaintiff in this case, Ernesto Amador, as well as other Plaintiffs. *Id.* at 7:1-6. Defendants now claim that they did not have "cause" to interview these witnesses until after the deposition of Plaintiff Anguiano which was conducted on August 10, 2016. *Id.* at p.5.  However, representations made by Defendants in the Case Management Conference Statement dated July 7, 2016 (ECF NO. 84 at p. 19) belie this claim.  At that time Defendants represented that as of <u>July 2016</u> they had conducted interviews of non-party cooks and that the testimony from these cooks was very important to their case.  *Id.*  They also argued in their CMC statement that the Plaintiffs had "honesty issues." *Id.* p. 16:16-20.  These admissions put the lie to Defendants' claim that they had "no cause" to interview cooks until after Mr. Anguiano's deposition some two months later.  Instead, according to Defendants' own representations to Magistrate Cook, they had been interviewing witnesses and were aware of the "critical" nature of the witnesses' testimony, since as early as July of 2016 (five months before the discovery cut-off date).  See, ECF NO. 117 at p. 7.

It is important to put Defendants' arguments in to context.  The collective action Complaint in this case alleging that Defendants misclassified their Kitchen Managers, Assistant Kitchen Managers and salaried Cooks was filed in January of 2015.  It is simply beyond the pale for Defendants to honestly expect this Court to believe that in a case such as this they would not bother to begin interviewing the **subordinate employees** of the Plaintiffs until some 21 months after the case had been filed!  A simple review of the Complaint in this matter confirms that Plaintiffs have alleged, since the case's inception, that the KMs and AKMs were misclassified as exempt because

---

as this Court will recall, the proposed global settlement of <u>all</u> claims and <u>all</u> causes of action was substantial and not for some paltry amount.

PLAINTIFFS' OPPOSITION TO DEFENDANTS' OBJECTIONS TO MAGISTRATE JUDGE'S RULING
AND REQUEST FOR RECONSIDERATION

their primary duty was to prepare food, cook food and clean as opposed to performing true managerial work. See, ECF NO. 1 ¶¶7-16. This allegation is not "new." While Defendants' argument that they did not have "cause" to interview the subordinate employees of the Plaintiffs until some 21 months after the Complaint had been filed may be of assistance to the Defendants in setting up an ineffective assistance of counsel defense, it certainly does not assist Defendants' arguments for reconsideration. Nor does it excuse Defendants' failure to name witnesses who they now claim are crucial to their defense until two days before the discovery cut-off date, since they admit that they had interviewed and were aware of the "pivotal" nature of these witnesses testimony since July of 2016 -- five months before the discovery cut-off date of December 16, 2016. See, Ex. A, in its entirety; ECF NO. 84 at p. 19; ECF NO. 117 at p. 7.

## VI. MAGISTRATE COOK'S ORDER IS NEITHER CONTRARY TO LAW NOR CLEARLY ERRONEOUS

### A. Magistrate Cook Did Not Improperly Shift the Burden To Defendants

Defendants claim that Magistrate Cook committed an error of law by improperly shifting the burden of establishing a Rule 26 violation to Defendants and also in determining that a *per se* violation of Rule 26 occurred. See, ECF NO. 129 at 19. Neither of these arguments is supported by the record or Magistrate Cook's Order. First, Magistrate Cook never ruled that a *per se* violation of Rule 26 occurred in this case. To the contrary, during oral argument Magistrate Cook specifically acknowledged that discovery disputes concerning Rule 26 matters such as this are "...very, very fact specific. And it's hard to – there's not a one size fits all sort of way of looking at these kinds of disputes and I appreciate that." Ex. A, p. 66:22-67:2. Additionally, Magistrate Cook went to great lengths to analyze the Rule 26 violation based on the facts of this case, her prior Orders informing the parties that no additional extensions of the discovery cut-off date would be

allowed, and the parties' conduct throughout this litigation. *Id.* at 46: 8- 49:5; ECF NO. 122 at 7-9.[3]

Defendants have failed to point to any actual evidence, citation to the hearing transcripts or the Magistrate's Order, to support their argument that Magistrate Cook ruled that the disclosure was *per se* untimely or that she shifted the burden of establishing a rule 26 violation from Plaintiffs to Defendants. Nor did Magistrate Cook draw a "bright line rule" requiring parties to disclose a potential witness as soon as the witness had been interviewed, as Defendants' incorrectly suggest. See, ECF NO. 129 at p. 21. Instead, Magistrate Cook's Order specifically acknowledges that " "timeliness" depends on the circumstances of each case." ECF NO. 122 at p. 7.

Ironically, it is Defendants who are attempting to shift the burden of proof by arguing that Plaintiffs "have failed to offer any evidence that Defendants secreted the Supplemental Witnesses" See, ECF NO. 129 at 20. The law of this Circuit is clear – the burden of demonstrating that an untimely disclosure was either justified or harmless is on the party who made the untimely disclosure, in this case Defendants. *Yeti by Molly, Ltd v. Deckers Outdoor Corp.,* 259 F.3d 1101, 1107 (9th Cir. 2001); Fed. R. Civ. P. 37(c). Here, although it was not their burden to do so, Plaintiffs produced evidence in the form of a chart demonstrating that Defendants' failure to timely disclose these witnesses was not justified because the witnesses were employed by Defendants well before this litigation was even filed. See, ECF NO. 114 at p. 6; ECF NO 122 at p. 5-6. This evidence, along with the detailed procedural history of this case, the conduct of the parties throughout discovery, and Defendants' admission that they began interviewing these witnesses and were aware of their identities and the nature of their testimony as early as July of 2016, support the finding that Defendants failure was neither justified nor harmless. See, Ex. A p. 61:4-17[noting

---

[3] Defendants attempt to portray Magistrate Cook as not realizing that their disclosures were made two days before the discovery cut-off date until midway through the hearing. See, ECF NO. 129 at FN 16. This is not accurate. At the outset of the hearing Magistrate Cook noted that the disclosure at issue occurred two days before the discovery cut-off date. Ex. A, p. 2:18-24.

PLAINTIFFS' OPPOSITION TO DEFENDANTS' OBJECTIONS TO MAGISTRATE JUDGE'S RULING AND REQUEST FOR RECONSIDERATION

that it was the burden of Defendants, not Plaintiffs, to submit evidence establishing that they were justified in failing to timely disclose the witnesses.]

### B.   Defendants Understate The Importance of the December 7, 2016 Case Management Conference

Defendants attempt to downplay the significance of the December 7, 2016 Case Management Conference ("CMC") by arguing that the Magistrate never set deadlines for the supplementation of Rule 26 Disclosures.  This argument completely misses the point.  What is important is that Magistrate Cook set clear deadlines for the close of discovery in this case and informed the parties on multiple occasions that the discovery cut-off date would not be extended further.  See, ECF NOS. 62 and 66.  Prior to the 12/7/16 CMC the parties met and conferred about what discovery they were unable to complete before the December 16 discovery cut-off date so that they could seek a brief extension of discovery in order to complete discovery on very limited discrete items. See, ECF NOS. 110, 118-1 ¶6, 122 at p. 4-5 .  At no time during these discussions did Defendants inform Plaintiffs that they would be supplementing their witness list just a week later to add 19 new witnesses in this case.  Similarly, at the December CMC, Defendants did not inform the Magistrate that they would be adding 19 new witnesses and instead represented that the only remaining discovery that needed to be complete was that referenced in the CMC statement.  See, ECF NO. 122 p. 4-5.  However, as discussed at length at the hearing, Defendants knew that they would be adding 19 new witnesses at the time of the CMC but nevertheless failed to inform either Plaintiffs or the Court of this fact.  See, Transcript p.47:1- 49:2; ECF NO. 122 at p. 8-9.  The fact that Defendants knew at both the time of the December CMC, as well as during the conversations with counsel leading up to the CMC, that they would shortly be supplementing their witness list and adding 19 new witness on the eve of the discovery cut-off date but nevertheless failed to inform Plaintiffs or the Court of their intentions is strong evidence supporting the Magistrate's finding that Defendants' failure to disclose was neither justified nor harmless.

C.    **MAGISTRATE COOK CONSIDERED THE FIVE FACTOR TEST AND LESS DRASTIC SANCTIONS**

Defendants argue that Magistrate Cook failed to consider the five factor test in deciding to impose Rule 37 sanctions. ECF NO. 129 p. 27.  This argument is belied by the hearing transcript which demonstrates that these factors were discussed at length by both parties and Magistrate Cook.  Tellingly, Defendants failed to include the 16 pages of the 68 page hearing transcript that were specifically devoted to argument and discussion of the applicability of the five factor test as well the availability of lesser sanctions.  See, Ex. A, p. 40:3-49:21, 51:22-24, 53:9-54:13, 59:11-63:14, 64:6-65:1.  In fact, it was Magistrate Cook herself who asked Defendants to discuss the five factor test under Rule 37 at the hearing stating, "so let's talk about the five-part test.  You tell me what the correct result is, sir." *Id.* at 42:8-10.

Similarly unavailing is Defendants' suggestion that Magistrate Cook failed to consider less drastic sanctions. See, ECF NO. 129 at p. 28.  Here again, this contention is refuted by the February hearing transcript where both parties set forth their respective positions on the applicability of less drastic sanctions.  Ex. A, p. 49:14-54:13, 60:25-62:14.  The <u>only</u> sanction offered by Defendants was reopening discovery to allow for the depositions of these nineteen new witnesses. However, as Plaintiffs made clear at the hearing, less drastic sanctions are not warranted in this case, and Magistrate Cook clearly agreed. *Id.* at 60:25-62:14  With respect to the discretionary sanction imposed by Magistrate Cook under Rule 37, it would be inappropriate for this Court to "substitute its judgment" for that of the Magistrate Cooks and impose lesser sanctions. See, *Grimes,* 951 F.2d at 241; *Kwasniewski,* 2013 WL 5836244, at *1.[4] In any event, given the

---

[4] It is ironic that Defendants now argue that Magistrate Cook failed to consider less drastic sanctions when it was the Magistrate herself, not the Defendants, that brought up the issue of the stay in this case and an associate leaving the defense firm as a possible justification for Defendants' delay in disclosing these witnesses. See, ECF NO. 129 FN 20.  Defendants never raised these arguments in the briefing on this matter and now attempt to rely upon the very arguments raised by the Magistrate to suggest that the Magistrate committed legal error by failing to consider less drastic sanctions.  However, the fact that Magistrate Cook herself raised these issues and

questions raised by Magistrate Cook on the five factor test and the applicability of less drastic sanctions, there is no doubt that the Magistrate considered less drastic sanctions prior to issuing her Order.

The addition of 19 new witnesses at the eleventh hour will materially alter both the size and scope of discovery, summary judgment briefing, decertification briefing, trial preparation and the impending trial itself. The parties have completed 14 depositions over the last two years in this case and are in the process of preparing motions for summary judgment the motion to decertify the class. This is not a situation where one party learned of the existence of one or two witnesses late in the discovery process and a brief extension of the discovery cut-off date would allow time to take those depositions. Here, we are talking about **19** new witnesses who were identified for the first time two days before the close of discovery. Further complicating this situation is that Defendants' disclosures do not state either what the substance of these witnesses' testimony will be, nor do they include the contact information for the vast majority of the new witnesses. To the contrary, they only include the phone number for defense counsel. As a result, Plaintiffs will be required to depose all of these witnesses and also conduct follow up discovery regarding these witnesses and their knowledge of the case.

It is unrealistic to expect either party to complete all of these depositions in the time frame suggested by Defendants. This is especially true in light of the fact that Motions for Summary Judgment and Motions to Decertify the class are due on March 31, 2017, less than a month from now. Preparing for and deposing such a large number of witnesses, and conducting follow up discovery on said witnesses, will take a significant amount of time, not to mention the costs

---

nevertheless struck the witnesses at issue demonstrates that she did not believe that either the length of the stay or an associate leaving the firm constituted substantial justification under Rule 37. In addition, the stay in this case was extended by more than two months due to Mr. Hall's paternity leave and the fact the his participation in this case was critical because he is lead counsel for the Defendants.

PLAINTIFFS' OPPOSITION TO DEFENDANTS' OBJECTIONS TO MAGISTRATE JUDGE'S RULING AND REQUEST FOR RECONSIDERATION

involved in deposing said witnesses.  We have no knowledge of the availability of these witnesses to sit for depositions.  After the depositions of these witnesses have been conducted, it will also take a substantial amount of time to incorporate the testimony from these witnesses into the parties' respective Summary Judgment Motions and motion to decertify the class.  There is simply not enough time to allow the parties to complete nineteen additional depositions and prepare for the December Trial of this collective action case.  The parties have already identified over fifty witnesses (not including the nineteen witnesses at issue) and have already produced over 7,000 pages of documents.

### D.  A Finding Of Willfulness, Fault, Or Bad Faith Is Not Required

Because the Order at issue is non-dispositive and does not amount to a dismissal of a claim or cause of action, Magistrate Cook was not required to consider whether Defendants' noncompliance involved willfulness, fault or bad faith. See, ECF NO. 129 at 26.  The law in this Circuit is clear -- a court need not consider the issues of willfulness, fault or bad faith when the sanctions imposed under Rule 37 do not amount to the dismissal of a claim or cause of action. *Yeti by Molly, Ltd,* 259 F.3d at 1106 [confirming that no finding of "willfulness, fault, or bad faith" was required because the Rule 37 sanctions, although onerous, was less then dismissal.  The very case relied upon by Defendants, as well as the Magistrate in her Order, *R & R Sails, Inc. v. Ins. Co. of Pennsylvania*, 673 F.3d 1240, 1247 (9th Cir. 2012), confirms that when the Rule 37 sanctions do not amount to the dismissal of a claim or cause of action no finding of willfulness, fault, or bad faith is required.  In *R & R Sails,* such a finding was necessary because the Ninth Circuit determined: "In practical terms, the sanction amounted to dismissal of a claim." *Id.*   Here, the Rule 37 sanctions imposed, although onerous, are far less then dismissal of Defendants' claims. This is because Defendants can still rely on the testimony of the other 51 witnesses who they timely disclosed under Rule 26.  Notably, in responses to Interrogatories asking Defendants to identify the

witnesses supporting their claims and defenses, Defendants specifically identified the <u>names</u> of 14 previously disclosed witnesses in their Interrogatory Responses. See, ECF NOS. 114-2 and 114-3. Thus, Defendants still have an ample number of witnesses from whom they can elicit testimony to support their claims.

### E.    THE MAGISTRATE DID NOT MISAPPLY APPLICABLE CASE LAW

Contrary to Defendants' arguments, the cases relied upon by the Magistrate in her Order, *Benjamin v. B & H Educ., Inc.*, 2015 WL 6164891, at *2 [N.D. Cal. Oct. 16, 2015); *Lujan v. Cabana Mgmt., Inc.*, 284 F.R.D. 50, 72–73 (E.D.N.Y. 2012); and *Kullman v. N.Y.,* 2009 WL 1562840, at *6–8 (N.D.N.Y. May 20, 2009) are directly on point.  In *Benjamin,* 2015 WL 6164891, at *2, a collective action case such as this seeking unpaid overtime, the court rejected the very same arguments made by Defendants before Magistrate Cook -- that "catch-all" references to unidentified categories of unnamed  employees in a collective action case are sufficient to comply with Rule 26's disclosure requirements – as "ridiculous."  In *Benjamin*, the plaintiffs argued, as the Defendants do here, that they identified  the witnesses who the defendant sought to exclude by reference to a "catch-all" reference in their Rule 26 disclosures  to "other current and former Student-Employees of Marinello Schools of Beauty" in their Rule 26 Disclosures  *Id.*  In rejecting the same argument raised by Defendants here, the *Benjamin* court held as follows:

> The plaintiffs argue that they identified Nelson by including a catch-all reference to "other current and former Student–Employees of Marinello Schools of Beauty" in their Rule 26 disclosure. **That is ridiculous**. With respect to Avalos, the plaintiffs argue that it was enough to include his first name—but not his last name or any other identifying information—in a long list of names offered in response to interrogatories. **That is equally ridiculous**. Rule 26 requires a party to disclose "the name and, if known, the address and telephone number of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment." Fed.R.Civ.P. 26(a)(1)(A)(i).  *Benjamin*, 2015 WL 6164891, at *2[emphasis added.]

Given the striking similarities between the *Benjamin* case and the instant case,  the Magistrate's decision to rely on *Benjamin* clearly was not contrary to law.  Here, Magistrate Cook

specifically found that Defendants not only knew of the existence of the 19 new witnesses at issue, but also that Defendants knew that the she would not allow an extension of the discovery cut-off date for Plaintiffs to depose these 19 new witnesses. See, ECF NO. 122 at p. 9.  Thus, the Defendants' failure to timely disclose these new witnesses until the eleventh hour had the same effect as if the witnesses were disclosed at the summary judgment stage – Plaintiffs would not have the opportunity to depose these new witnesses.  As the Magistrate found in this case, this caused "extreme prejudice" to Plaintiffs. *Id.*  Based on these findings, the fact that in *Benjamin* the witnesses were not disclosed until the summary judgment stage is a distinction without a difference. [5]

Notably absent from Defendants' Motion for Reconsideration is the citation to a single case where the district court found that a Magistrate's ruling was either clearly erroneous or contrary to law.  This is most likely due to the deferential standard that applies to decisions made by Magistrate Judges in deciding discovery related matters such as the one involved here. Finally, *Benjamin, Lujan,* and *Kullman* do not "comprise the entirety of case law relied upon" by Magistrate Cook as Defendants incorrectly assert. See, ECF NO. 129 at 31.  To the contrary, Magistrate Cook also specifically cited to and relied upon Fed. R. Civ. P. 26 and 37 as well as controlling Ninth Circuit authority in her Order -- *R & R Sails* and *Yeti by Molly, Ltd.*  See, ECF NO. 122 at p. 6-7.

Defendants' reliance on *Kirby v. Homax Prod., Inc.*, 2007 WL 2600838 at *3 is sorely misplaced.  Nor is Magistrate Cook's decision not to rely on *Kirby* contrary to law.  First, unlike *Benjamin* and the instant case, *Kirby* was not a collective action.  Simlarly, unlike *Benjamin* and

---

[5] Nor did Magistrate Cook misapply the law by citing to *Lujan*, 284 F.R.D. at 72–73; and *Kullman*, 2009 WL 1562840, at *6–8, as these cases flatly reject the argument originally raised by Defendants that they did not need to identify the witnesses by name in their Rule 26 disclosures because some of the witnesses were mentioned at deposition or in discovery documents and/or Interrogatory responses.

PLAINTIFFS' OPPOSITION TO DEFENDANTS' OBJECTIONS TO MAGISTRATE JUDGE'S RULING
AND REQUEST FOR RECONSIDERATION

the instant case, in *Kirby* neither party claimed that their failure to identify witnesses pursuant to Rule 26 was excused due to a reliance on "catch-all" categories of witnesses. Further, in *Kirby* the defendant (the party seeking exclusion of witnesses for violations of Rule 26) offered "no factual basis" to support its assertion that the witnesses at issue should have been identified sooner and did not provide the court with "the context necessary to evaluate its accuracy. *Id.* at *3. In fact, in *Kirby* the Defendant did not even file a Reply to its Motion to exclude after the Plaintiff filed its opposition pointing out the failures in the Defendants proof. *Id.* In contrast, here, Plaintiffs not only provided the Court with evidence supporting its claim that the witnesses were not timely disclosed (See, ECF NO. 122 at 5-6) but that the course of conduct of the parties throughout discovery also established that a Rule 26 violation occurred. See, Ex. A, in its entirety. On this record, the cases cited by Plaintiffs, *Benjamin*, *Lujan*, and *Kullman,* are far more persuasive and applicable then the *Kirby* case.

**F.     The Doctrines of Equitable and Judicial Estoppel Do Not Apply**

Despite the fact that Defendants violated the page limit requirements set from in L.R. 7-3 by eight pages, Defendants also seek to incorporate by reference arguments made in their Supplemental Brief (ECF NO. 118 at p. 18-20) into their Motion for Reconsideration. This, of course, is improper. Nevertheless, the Magistrate did not error by failing to address these arguments in her Order because the judicial and equitable estoppel arguments are based on a false premise – that the parties agreed that **all** of defendants current and former employees would comprise the "world of trial witnesses as to the claims and defenses of this matter." As set forth in the Jones Declaration (ECF NO. 118-1 at ¶¶5-7) and Oral argument, no such agreement ever existed in this case. See, Ex. A, p. 29:3-18. Because the premise upon which these arguments are based is demonstrably false (a finding adopted by Magistrate Cook in her order) there was no reason to address this argument in the Order. See, ECF NO. 122 p. 4-9.

### G.     Magistrate Cook Appropriately Struck Both Categories of Witnesses

Defendants argue that Magistrate Cook failed to conduct an individualized inquiry as to each of their supplemental witnesses.  See, ECF NO. 129 at p. 21.  As a starting point, Defendants fail to cite to any case law suggesting that such an individualized inquiry is necessary.  Further, a review of both the briefing submitted by the parties to Magistrate Cook, as well as the hearing transcript, demonstrates that the Magistrate did consider the circumstances surrounding each of the witnesses at issue.  For example, at ECF NO. 118 p. 14-15 Plaintiffs refuted Defendants' argument that they were justified in failing to timely identify that the so called Category 2 witnesses.  More importantly, during the February hearing, Magistrate Cook specifically questioned Defense counsel regarding when they became aware of these witnesses.  Ex. A, p. 18:2-24:3.   A review of the complete February hearing transcript on this matter, as well as the Magistrate's Order, demonstrates that the Magistrate did consider the arguments advanced by Defendants regarding all of the nineteen new witnesses at issue and found them to be unconvincing. See, Ex. A; ECF NO. 122.   It is clear that Defendants' are unhappy with Magistrate Cook's ruling.  However, it is entirely hypocritical for Defendants to argue that the Magistrate failed to consider their arguments when the transcript and the briefings provided to the Magistrate prove otherwise. It is appears clear to Plaintiffs that the reason why Defendants did not bother to provide the entire hearing transcripts to this Court is because the transcripts categorically refute Defendants' claims that Magistrate Cook's order was either contrary to law or clearly erroneous.

## VII.   CONCLUSION

The present dispute is an excellent example of why Magistrate Judge's orders in discovery related matters such as this are entitled to great deference and may only be overturned if either contrary to law or clearly erroneous.  Matters such as this are factually specific and necessarily turn on the conduct of the parties throughout the course of discovery, as well as the arguments and

evidence presented to the Magistrate.  In this case, a review of the entire record of the proceedings before Magistrate Cook, not just the select few pages cited by Defendants in their Motion for Reconsideration, demonstrate that the Magistrate's Order is neither clearly erroneous, nor contrary to law.  Based on this detailed record, it would be inappropriate for this Court to substitute its own judgment for that of Magistrate Cook.

Dated:  March 6th, 2017

JONES LAW FIRM

By:    /s/ Charles A. Jones
Charles A. Jones
Kelly McInerney
Attorneys for Plaintiffs

PLAINTIFFS' OPPOSITION TO DEFENDANTS' OBJECTIONS TO MAGISTRATE JUDGE'S RULING
AND REQUEST FOR RECONSIDERATION

**CERTIFICATE OF SERVICE**

I, the undersigned, declare as follows:

I am employed in the County of Washoe, State of Nevada.

I am over the age of eighteen (18) years and not a party to the within action; my business address is 9585 Prototype Court, Suite B, Reno Nevada, 89521.

On March 6, 2017, I served the foregoing documents describes as:

1.      PLAINTIFFS' OPPOSITION TO DEFENDANTS' OBJECTIONS TO MAGISTRATE JUDGE'S RULING AND REQUEST FOR RECONSIDERATION.

on all interested parties in this action addressed to the addressee as follows:
ANTHONY HALL
PETER NAVARRO
HOLLAND & HART LLP
5441 Kietzke Lane, Suite 200
Reno, Nevada 89511
*Attorneys for Defendant*
___X___ VIA ELECTRONIC SERVICE.

I declare under penalty of perjury under the laws of the State of Nevada that the above is true and correct.

Executed on March 6, 2017, at Reno, Nevada.

Nikki Nevarez